## WETMORE v. MONONA COUNTY.

1. **Statute of Limitations:** WHEN IT BEGINS TO RUN: WARRANT ON SPECIAL FUND. The statute of limitations does not begin to run against a warrant payable out of the swamp land fund of a county not otherwise appropriated, until the fund out of which it is made payable comes into existence.

*Appeal from Monona District Court.*

SATURDAY, OCTOBER 22.

ACTION upon a swamp-land warrant executed in 1866. The defendant demurred to the petition, on the ground that plaintiff's cause of action appeared to be barred by the statute of limitations. The demurrer was sustained. The plaintiff electing to stand upon his petition, judgment was rendered against him for costs. He appeals. ·

*H. E. Long*, for appellant.

*H. Chrisman* and *J. E. Selleck*, for appellee.

ADAMS, CH. J.—The warrant sued on is in these words:
" $324.          STATE OF IOWA, MONONA CO.
" The treasurer of said county will pay to J. E. Morrison

or bearer the sum of three hundred and twenty-four dollars out of any swamp-land money not otherwise appropriated.

"Given under my hand and the seal of said county, at my office in Onawa, this 29th day of December, 1886.

[Seal.]                "Timothy Elliott, County Clerk."

The plaintiff averred that at no time since the execution and delivery of the warrant was there any swamp-land money in the defendant's treasury, not otherwise appropriated, until January 1, 1878.

The question raised by the demurrer to the petition is as to whether the plaintiff's cause of action accrued earlier than January 1, 1878. In our opinion it did not. The warrant was made payable out of a special fund, and the defendant was not liable to an action on the warrant until the fund out of which it was made payable came into existence. We think that the demurrer was improperly sustained.

REVERSED.