ARAPAHOE VILLAGE, PLAINTIFF IN ERROR, V.
CHARLES S. ALBEE, DEFENDANT IN ERROR.

1. **Limitation of Actions:** VILLAGE WARRANTS. The statute of limitations will run against a warrant issued by the proper authorities of a village. Such warrant will be barred in five years from the time it becomes due. *Brewer v. Otoe County*, 1 Neb., 373, is based upon special legislation relating to county warrants.

2. **Villages.** On the facts stated, *Held*, That the village of Arapahoe was a *de facto* corporation from the year 1873 to 1879.

ERROR to the district court for Furnas county. Tried below before GASLIN, J.

*John Dawson*, for plaintiff in error, cited: *Boardman v. Halliday*, 10 Paige, 232. *Hinkel v. Stephens*, 3 Pac. Rep., 531. *Cohn v. Beall*, 61 Miss., 399. *Stewart v. Otoe Co.*, 2 Neb., 177. *School District v. Stough*, 4 Neb., 357. *Goldman v. Conway County*, 10 Fed. Rep., 888. *Baker v. Johnson County*, 33 Iowa, 151. *De Cordova v. Galves-*

*ton,* 4 Tex., 470. *Perry v. Parish of Vermillion,* 21 La., *645. Justices v. Orr,* 12 Ga., 137. *Carroll v. Board of Police,* 28 Miss., 38.

*W. S. Morlan,* for defendant in error, cited : *Brewer v. Otoe County,* 1 Neb., 373. 1 Dillon on Municipal Corporations, sec. 112.

MAXWELL, J.

The plaintiff brought an action against the defendant and alleges in his petition that the defendant is duly incorporated as a village under the general laws of the state of Nebraska. That on the 27th day of December, 1873, said defendant being justly indebted to Acres, Blackmore & Co. in the sum of sixty-nine $\frac{35}{100}$ dollars, which said indebtedness was at that time due and unpaid, the board of trustees, being then in regular session as the board of trustees of said village, did order and allow the said claim and demand of said Acres, Blackmore & Co., and did adjudge that the said Acres, Blackmore & Co. be paid on account thereof the sum of sixty-nine and $\frac{35}{100}$ dollars, and thereupon, because of the promises, did draw and issue to said Acres, Blackmore & Co. the certain warrant of said village, numbered one, duly signed by E. B. Murphy, who was the chairman of said board of trustees, and countersigned by C. F. Colwell, clerk of said village and of said board, and attested by the seal of said village, and directed to the treasurer thereof, and which commands the treasurer to pay to Acres, Blackmore & Co. or bearer the sum of $69.35 out of the general fund of said village. On the 10th day of March, 1874, said warrant was duly presented for payment to, and payment thereof duly demanded from, the treasurer of said village, and said treasurer thereupon endorsed upon said warrant the following words :

"Registered for payment, March 10, 1874; not paid for want of funds, and there never has been any funds to pay the same.

"G. W. COLVIN, *Treasurer.*"

And then and there said treasurer, for want of funds, refused to pay said warrant or any part thereof. Said warrant was in words and figures following, to-wit:

"$69\tfrac{35}{100}$.                   STATE OF NEBRASKA,
                              "TOWN OF ARAPAHOE,
                                   "Dec. 27, 1873.

"Treasurer of the town of Arapahoe: Pay Acres, Blackmore & Co., or bearer, $69\tfrac{35}{100}$ and charge to account of general fund. By order of the town council. No. 1.

"E. B. MURPHY,
                "*Chairman Board of Trustees.*

"C. COLWELL, *Clerk.*

"Registered for payment, March 10, 1874.

"G. W. COLVIN,
                              "*Treasurer.*"

Subsequently, but before the commencement of this action, said warrant was by said Acres, Blackmore & Co. for a valuable consideration transferred and delivered to the plaintiff, who is now the lawful holder and owner thereof, but that no part of said warrant has been paid, nor is there now, nor has there been at any time, any funds or moneys in the treasury of said village for application to the payment of said warrant; and said defendant has at all times neglected and still neglects and refuses, by levy of taxes or otherwise, to provide for the payment of the same or any part thereof, and there is now due the plaintiff thereon the sum of $69\tfrac{35}{100}$, and ten per cent interest from the 27th day of December, 1873, for which amount plaintiff asks judgment."

There are eleven counts in the petition upon causes of action similar to that above set forth.

The village filed an answer in which, First, it denies
that it was incorporated at the time said indebtedness was
incurred.    Second, interposes a plea of the statute of lim-
itations.    Third, that certain warrants described in speci-
fied counts of the petition were issued to aid in construct-
ing a water grist-mill in said village without being
authorized by a vote of the electors thereof.    Fourth, that
a portion of the indebtedness (describing it) was incurred
for stationery and letter heads for the use of the people of
the village.

There is a stipulation of facts set out in the record
which need not be copied.

On the trial of the cause the court found the issues
against the village, in all matters except as to the warrants
issued for the water grist-mill, and rendered judgment ac-
cordingly.    Both parties prosecute error to this court.

The agreed statement of facts shows that all the war-
rants were issued in 1873 and 1874, and in the latter year
were presented to the treasurer of the village for payment,
and payment refused for want of funds, and this refusal
and the reason therefor were endorsed on each of the war-
rants.    Nothing has been paid on any of them from that
time until the present; and the question arises whether or
not the action is barred by the statute of limitations.

In *Brewer v. Otoe County*, 1 Neb., 373, it was held that
the statute of limitation did not apply to county warrants.
In that case certain warrants had been presented for payment,
running from the year 1858 to 1863, and endorsed, not paid
for want of funds.    The court, by LAKE, J., say (p. 383),
"That the legislature never intended that county warrants
should be affected by the limitation act before referred to
is evident, I think, from the whole course of legislation
respecting them.    As late as the 12th of February, 1866,
it was enacted that 'all debts heretofore incurred by the
county commissioners of any county, acting in good faith,
and duly recorded at the time on their books, shall be

deemed valid, and the county shall be held liable for the same.' Chap. V., Sec. 1, Rev. Stat.

"Chapter IX., section 1, provides that 'All county orders heretofore drawn, or that may hereafter be drawn, by the proper authorities of any county, shall, after having been presented to the county treasurer, and by him endorsed, not paid for want of funds in the treasury, draw interest from said date at the rate of 10 per cent per annum.'

"From these, as well as numerous other enactments of the legislature that might be cited, I have reached the conclusion that the plea of the statute of limitations cannot be successfully made against these warrants, and that whenever it can be shown that the funds have been collected out of which they can be paid, or sufficient time has been given to do so in the mode pointed out in the statutes, their payment may be demanded, and, if refused, legally coerced."

In view of this and other special legislation in regard to county warrants, the court held that they were excluded from the operation of the statute of limitations. That decision is no doubt correct as applied to the facts of that case. A considerable part of the debts for which those warrants were issued was incurred before the act "To prevent overdrawing public funds in counties," etc., was passed. Laws of 1859, p. 101–2. Prior to the passage of that act there was practically no restriction upon the power of county commissioners to issue warrants, and in more than one county this power had been recklessly exercised, and a very large number of warrants issued. Hence the necessity for special legislation. We know of no legislation, however, which prevents the statute from running in favor of cities and villages. In *May v. School District*, 22 Neb., 205, where an action was brought on a school district warrant more than five years after it was due, it was held that the plea of the statute of limitations was a complete defense. That decision was rendered after

careful consideration of the question, and we believe it is a correct statement of the law. The statute of limitations is a statute of repose, and the reasons which operate in favor of an individual are at least equally as strong in favor of a municipal corporation. The law favors diligence, and compels a party holding a warrant of a municipal corporation to take the necessary steps to enforce the payment of the same within the period fixed by statute or be barred. If this were not so, warrants might be fraudulently issued by the authorities of a municipal corporation and held for ten, fifteen, or twenty years, or more, and then presented for payment when the evidence of their fraudulent character had become obscure or inaccessible. In our view the ends of justice will be better subserved by placing individuals and municipal corporations on the same plane and governed by the same law of limitations. It follows that all the causes of action were barred when the action was brought.

Objection is made that the village of Arapahoe was not legally organized in the year 1873, and that therefore it had no authority to act as a village. The agreed statement of facts shows that in the year 1873 the village was organized, and that this organization continued up to the year 1879, when it reorganized under the laws of the state, and has continued under such organization up to the present time. Village officers were elected each year, except in the year 1877. It is evident that the village was a *de facto* corporation, and upon the facts stipulated was authorized to transact business. The several causes of action, however, being barred by the statute of limitations, the judgment of the district court against the village of Arapahoe is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.