H. F. BODMAN, Appellant, v. JOHNSON COUNTY.

**Limitations of Actions:**    WARRANTS ON DITCH FUND.    Under Code, section 1950, giving counties authority to make additional assessments to pay the cost of county ditches, limitations begin to run against the county warrants payable out of a "ditch fund" from the date of their issue, and not from the date when there are assets actually in the fund from which they are payable.

SAME.    Code, section 484, requiring the county treasurer to issue calls for outstanding warrant when he has funds on hand from which to pay them, does not prevent limitations from running against a warrant until a call has been issued thereto.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

SATURDAY. DECEMBER 21, 1901.

ACTION on two warrants, issued in 1884 and 1885 respectively, payable by defendant out of the "Davis Ditch Fund," and at the dates of issuance presented to the county treasurer for payment and indorsed, "Not paid for want of funds." Demurrer on the ground that the action was barred by the statute of limitations was sustained, and judgment rendered for defendant, from which plaintiff appeals.—*Affirmed.*

*M. W. Stapleton* and *Cash & Coldren* for appellant.

*Hart & Zmundt* for appellee.

McCLAIN, J.—Plaintiff alleges in his petition that at no time since these warrants were presented for payment has there been any fund in the county treasury from which they could have been paid, but further alleges that there is an excess of such fund in Muscatine county, through a portion of which the ditch runs, which the defendant county might have had transferred to it, and from which these warrants might be paid. It was decided in the case of *Mills County Nat. Bank v. Mills Co., 67* Iowa, 697, that action on such warrants may be maintained without regard to the existence of assets in the fund from which they are payable, and that the holder of the warrants is not justified in waiting for the county to take proceedings to collect the money due to the fund, but may have his judgment, and afterwards take steps for its enforcement. That case seems to be exactly in point here. But appellant calls attention to *Wetmore v. Monona County, 73* Iowa, 88, in which it was said that a cause of action on a warrant payable "out of any swamp land money not otherwise appropriated" only commenced to run when there was swamp money in the treasury from which the warrant might be paid. We think the distinction between the cases is that in the latter the county had no means of raising the fund out of which

the warrant could be satisfied, and therefore was not in default in payment until there was money on hand, while in the case of the ditch fund there is authority for making additional assessments until the expenses payable out of the fund are satisfied (see Code, section 1950). Therefore it was the duty of the county to raise the necessary funds, and plaintiff was not justified in postponing the bringing of his action until such funds were actually on hand. The duty imposed on the county treasurer to issue calls for outstanding warrants when he has sufficient funds on hand with which to pay such warrants (Code, section 484) is one imposed for the protection of the county against the accruing of further interest on outstanding warrants, and does not authorize the holder of a warrant to postpone the bringing of his action in reliance on the failure of the treasurer to give such notice.—AFFIRMED.