C. M. BARNES, *Mayor,* GEORGE M. GREEN, W. D. PACKER, W. S. SPENCER, E. E. TALLMAN, E. L. HIRSCHI, J. E. PETERSON, J. W. McBRINE, J. E. DOUGLAS, G. N. PERKINS AND A. P. PORTWOOD, *Councilmen of the City of Guthrie, Logan County, Oklahoma Territory* v. C. W. TURNER AND JAMES KIRKWOOD.

(Filed September 1, 1904.)

**MUNICIPAL WARRANTS—Statute of Limitations—Begins to Run, When.** The statute of limitations does not run in favor of a municipal, or quasi municipal corporation, upon its outstanding obligations evidenced by warrants, until the corporation has provided a fund out of which payment of the same may be made.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*James Hepburn, City Attorney,* and *Lawrence & Huston,* for plaintiffs in error.

*Dale & Bierer,* for defendants in error.

STATEMENT OF FACTS.

This was a proceeding in *mandamus* brought by the defendants in error, Turner and Kirkwood, in the district court of Logan county, against C. M. Barnes, as mayor, and the other plaintiffs in error as councilmen of the city of Guthrie, to compel them to levy a tax upon the property of persons residing in the territory covered by the various old provisional governments or sub-divisions of the City of Guthrie, known as Guthrie Proper, East Guthrie, West Guthrie, Cap-

itol Hill and the Consolidated School District, to provide for the payment of certain warrants that had been issued under the provision of article one of chapter thirteen, of the Statutes of 1890, which warrants, together with the interest thereon, aggregate something over $7,000.

This is the third time that these warrants have been brought before this court. W. H. Gray, receiver of the National Bank of Guthrie, and successor to Harper S. Cunningham, on the 7th day of September, 1895, commenced a *mandamus* proceeding, identical with this, in the district court of Logan county, for the purpose of compelling the then mayor and councilmen of the City of Guthrie to levy a tax to provide a fund for the payment of these warrants; the district court allowed the writ, but the case was appealed to this court, and on the 12th day of February, 1897, was reversed. After this reversal nothing whatever was done by the holder of these warrants in the way of taking any steps toward collecting them, for more than four years thereafter. But after the decision in the case of the Guthrie National Bank v. City of Guthrie was rendered in the supreme court of the United States, the holders of these warrants who had lain dormant during the years, made another move. The old case of Gray v. Martin & Spencer, after it had been reversed and remanded, had been dropped from the docket, and on the 28th day of June, 1901, Turner and Kirkwood filed their motion as the successors in interest of Gray to have the case re-docketed, and also filed on the same day an application to have the case revived in their names, as the successors in interest of Gray, and on the same day they filed their motion to dismiss said action, which motion

was sustained, and the case dismissed. Shortly after the dismissal of the original *mandamus* case, Turner and Kirkwood brought suit against the City of Guthrie upon these same warrants, wherein a judgment against the city for the amount of the warrants was prayed for; they failed in this suit in the district court and appealed to the supreme court where the judgment of the lower court was affirmed.

On the 23rd day of July, 1903, after the final decision in this court in the case of *Turner and Kirkwood v. The City of Guthrie,* this *mandamus* proceeding was commenced against the mayor and councilmen, the same being in all respects similar to, and identical with, the original *mandamus* proceeding brought by W. H. Gray, receiver, upon the same warrants, in 1895. The return and answer of the alternative writ, sets forth the same defense as was alleged in the return to the proceedings brought by Gray, receiver, and also alleges the bar to the action, of the statute of limitations. Trial was had before the court, wherein it was agreed that the allegations set forth in the fourth answer or return of the defendants to the alternative writ is true, and which shows the facts substantially as above set forth. Thereupon the court rendered judgment for the plaintiffs below and allowed a peremptory writ of *mandamus* against plaintiffs in error, from which judgment and final order the plaintiffs in error appeal to this court.

Opinion of the court by

IRWIN, J.: The instruments in controversy are all time warrants, dated July 1, 1893. A copy of one of the warrants, of which the others are similar, is as follows:

"Warrant of the City of Guthrie, Oklahoma Territory.

"$554.15                              No. 6.

"Treasurer of the City of Guthrie.

"One year after date pay to the order of Harper S. Cunningham, receiver National Bank, Guthrie, the sum of five hundred and fifty-four and 15-100 dollars, with interest thereon at the rate of six per centum per annum, from June 3rd, 1891, from any moneys which shall arise from special levy for the payment of city warrants issued under the provisions of chapter No. 14, of the Statutes of Oklahoma, providing for the payment of indebtedness of the provisional governments of the cities of Guthrie, East Guthrie, West Guthrie, and Capitol Hill, upon the subdivision of Guthrie known as East Guthrie.

"By order of the city council July 1, 1893.

                                "A. M. McELHINNEY, Mayor.

"Attest:

    "E. G. MILLIKAN, City Clerk."

The second assignment urged by plaintiffs in error for a reversal of this case, is that the action in *mandamus* to compel the mayor and councilmen of the city of Guthrie to levy a tax to create a fund to pay these warrants, accrued on the 9th day of September, 1895, the day W. H. Gray, receiver, commenced his action in *mandamus* to compel the then mayor and council of the city of Guthrie to levy this same tax for the payment of these same warrants, and that consequently, at the time of the commencement of this action it was barred by the statute of limitations. With this contention we cannot agree. The statute of limitations is what is known in law as a statute of repose. It is a statute enacted as a matter of public policy to fix a limit in which an action must be brought, or the obligation will be presumed to have been paid. The statute is intended to run

only against those who are neglectful of their rights, and fail to use reasonable and proper diligence in the enforcement thereof. They are based upon the presumption of law that from the lapse of time it is fair to presume that the debt has been paid. In this case the warrants show upon their face that they were issued by what purports to be the city council, and signed by what purports to be the mayor, and attested by what purports to be the clerk; that they are evidence of indebtedness, and are entitled to be accepted as evidence of indebtedness; that they are to be paid from a special levy for the payment of city warrants under the provisions of chapter 14, of the Statutes of Oklahoma providing for the payment of indebtedness of the provisional government of the cities of Guthrie, East Guthrie, West Guthrie, and Capitol Hill. Now when did, under these warrants, the right to demand payment thereof, accrue? Was it immediately upon the issuing of the warrants, or was it when the fund from which said warrants were to be paid was in the hands of the proper officer for payment thereof. The payment of these warrants did not depend entirely upon the action of the holders thereof, but depended upon some affirmative action on the part of the officers of the city. The issuing of these warrants, making them payable out of a certain fund to be raised by a certain levy, indicates that a duty devolved upon the officers of the city to make the necessary orders and take the necessary steps which are prerequisite to the levying and collecting of that tax. Now can the officers of the city, when steps are taken which are necessary preliminaries to the collection of these warrants, be heard to take advantage of their own neglect of duty, by

saying that because we have not performed the duty as the law required of us and made the necessary levy to provide the fund for the payment of these warrants, that consequently, on account of our neglect, the statute of limitations has run against the holders of these warrants so as to prevent their collection? We think this case comes clearly within the decision of this court in the Greer county case. That is, the *Board of Commissioners of Greer County v. Clarke & Courts*, reported in the 70th Pacific, beginning at page 206. There, this court said:

"Where a warrant is issued by the officers of a municipal corporation, or a quasi municipal corporation, and the creditor accepts the same relying on the ordinary modes of taxation to pay said obligation, the corporation cannot be heard to say, upon an action to enforce the payment thereof, that it is barred by the statute of limitations, without first pleading and proving that it has provided a fund for the payment of such indebtedness. Hence a county cannot plead the statute of limitations to an action against it to enforce an obligation payable from a particular fund, without first showing that it has provided such fund."

In *Robertson v. Blaine county*, 32 C. C. A. 512, 90 Fed. 63, 47 L. R. A. 459, it was held that a county cannot plead limitation to an action against it to enforce an obligation payable from a particular fund, without first showing that it has provided such fund.

In the case of *Hubbell v. City of South Hutchinson*, 68 Pac. 52, the Kansas supreme court held that the statute of limitations will not start to run in favor of a city on its outstanding warrants until it has money in its treasury to satisfy such obligations. In the course of the opinion, the court said:

"This action was based upon certain written obligations, and in the absence of the intervening circumstances, would become barred within five years from the date of their issuance. It is the settled law of this state, however, that the statute of limitations does not run in favor of municipal or quasi-municiapl corporations upon its outstanding obligations until the corporation has provided a fund with which payment thereof may be made."

In the case of *School District No. 5 v. First National Bank of Wabash,* 66 Pac. 630, in a decision by the supreme court of the State of Kansas, we find the following language in the opinion:

"Statutes of limitation give the defendant the right to resist the payment of a demand based upon some act of negligence or omission of the plaintiff. But in the case at bar, the defendant would found its right to defeat the claim sued on by asserting its own negligence. It has never set the machinery of the law in motion to collect the money required to meet its obligations. It has remained since the debt was contracted in a continued state of insolvency, created by its own act."

From the foregoing it will be seen that the reason assigned by the courts in refusing to permit the statute of limitations to be pleaded as a bar to recovery, in cases of this character, arises out of the fact that the defendants were, under the law, required to do some affirmative act; that is, to levy a tax creating a fund for the payment of indebtedness and the taking up of warrants, and if the warrant holder failed to present his warrant and secure the money thereon, the statute of limitations could be successfully interposed. But so long as there remained, under the law, some act to be performed by the municipality, such

municipality has not performed its duty under the law, and the courts will not and ought not to permit them to interpose their failure to act as by law required as a defense to the payment of a just obligation.

We think in principle the Greer county case is identical with the case at bar. In the Greer county case, if any liability was created against Greer county, it was by virtue of a statute—the act of congress which transferred the obligations of Greer county, Texas, to Greer county, Oklahoma. The warrants issued by Greer county, Texas, bore the dates 1889 and 1892, and the action was not brought in the district court of Greer county until September, 1899. Suit might have been instituted in Greer county, Oklahoma, long prior to the date when it was commenced, and the same objections could as well have been taken against the warrants, by reason of the lapse of time, in the Greer county case as in the case at bar. Counsel for plaintiff in error in the Greer county case raised and relied upon the statute of limitations being a bar to recovery, and the warrants having been issued in the years 1899 to 1892, inclusive; it will be observed that more than five years elapsed from the date of their issuance until they became subject to the laws of Oklahoma Territory. No provision was ever made by Greer county, Texas, in the exercise of its taxing power, to pay the warrants which were the subject of that controversy. However, our own supreme court in passing upon that case used this language.

"In our opinion, where a warrant is issued by the officers of a municipal corporation, or quasi-municipal corporation and the creditor accepts the same, relying on the or-

dinary modes of taxation, to pay said obligation, the corporation cannot be heard to say upon an action to enforce the payment thereof, that it is barred by the statute of limitations, without first pleading and proving that it has provided a fund for the payment of such indebtedness."

Now we think that an action in *mandamus* is simply a preliminary step toward the enforcing of payment of these warrants, and if the statute of limitations could not be urged as against the collection of the debt evidenced by the warrants, then it should not be urged as against the necessary preliminary steps towards the collection thereof. On page 154 of the record it is admitted by the defendant, the city of Guthrie, and the defendants in this case, that prior to the time of bringing this action no levy has been made for the payment or discharge of the sums due, as shown by the face of the warrants, and that no money is now or has been with the treasurer of the city of Guthrie, or in the treasury of the city of Guthrie, for the discharge of any of the obligations created under the terms of the warrants offered in evidence. The warrants on their face show that they were issued by the present municipal government of the city of Guthrie, on July 1, 1893, and were issued for the payment of an indebtedness created by the provisional government of the city of Guthrie, and under the laws of Oklahoma Territory providing for the allowance and payment of such indebtedness.—Act of December 25th, 1890, page 156, Wilson's Statutes, vol. 1, page 260. The question of the validity of the act and the liability of the city of Guthrie was affirmed by the supreme court of the United States in the case of the *Guthrie National Bank v. The City of Guthrie,* 173 U. S. 528. Inasmuch as, under the law, it

was the duty of the mayor and council of the city of Guthrie to levy a tax, it is wholly immaterial it seems to us, whether the duty arises by reason of a contractual obligation, or by reason of a statute. In either case, the duty is the same. In the Greer county case, however, the liability was created by statute, but we fail to see any difference in principle, and believe there is nothing in the distinction which is urged by counsel for plaintiffs in error. The duty of the mayor and city council to levy a tax is imperative, and the principle governing the application of the law rests upon the doctrine of negligence upon the part of the city council and the mayor.

As stated in the case of *Freehill v. Porter,* [Cal.] 4 Pac. 646:

"It is urged, that as the coupons in question matured, according to their face, on the 1st of January, 1872, the statute of limitations bars any proceeding on the part of the petitioner to enforce payment; that if the proper amount of taxes were not levied in any one year, such levy should have been compelled by *mandamus;* that if any step necessary to have the proper funds in the treasury had been omitted, a proceeding to compel such step was the proper course. We do not understand this to be the law applicable to this case. According to the act of April 25th, 1863, *supra,* no action could be maintained against the city on these bonds or coupons. By law, it was the duty of the city to make provision for the payment of the bonds and coupons, according to the statute under which they were issued, and, by omitting to perform such duty, the city could not create the defense of the statute of limitations. Not until the funds were in the treasury, properly applicable, would the statute begin to run; not until that period, would the petitioner have the right of action or proceeding against the

treasurer. The contrary view would place it in the power of a municipality, in many cases, to avoid all payments of its debts, because, if by concert of action, each officer should omit to perform his duty, the time consumed in compelling such performance might be made to consume all the period of the statute, before the funds would reach the treasury. We do not think the legislature intended such result."

In *Lincoln County v. Luning,* 133 U. S. 529, we find a case very similar to the case at bar. A case where the indebtedness was to be paid out of a particular fund. The coupons were presented for payment and not paid. No money came into the treasury applicable thereto. The statutes of limitation were pleaded as a bar to recovery, and the supreme court of the United States said:

"When payment is provided for out of a particular fund to be created by the act of the debtor, he cannot plead the statute of limitations until he shows that that fund has been provided."

This language, it seems to us is especially applicable to the case under consideration. The legislature of the Territory of Oklahoma provided how the indebtedness of the old provisional government of the city of Guthrie should be determined and liquidated; and, in the act, provides that the present city of Guthrie should, through its municipal officers, levy taxes upon the different subdivisions which have created the obligations, and that such levies, so made, should create funds for the payment of the debts so created. This, it is admitted, the officers of the defendant city of Guthrie have failed entirely to do, and now they seek to interpose their negligence as a defense, and to do this under the name of the statute of limitations.

It would seem unnecessary to further cite authorities after the decided and emphatic manner in which our own supreme court in the Greer county case has decided this question. It would seem to us that this decision ought to settle the law upon this point in this Territory.

In answer to the suggestion that because of a former suit in *mandamus* on these same warrants, the statute of limitations began to run in 1895, we have to say: Under our law, any suit or proceeding may be dismissed without prejudice to a new action. The cause originally commenced by W. H. Gray, receiver, was so dismissed. If then, the statute of limitations does not begin to run until such time as the city authorities provide a fund for the payment of the warrant indebtedness, the bringing of the second action in 1903 was in no manner prejudiced by the bringing of the first and its dismissal. It would be the same kind of a case as if a person should sue on a promissory note one year after the same became due; dismiss the action, and bring another four years after the note became due. The statute of limitations would not prevent the bringing of the second action because the statute did not bar the bringing of an action at the time the second action was brought. So too, in the case under consideration. If the supreme court of this Territory is right in the law as announced, and the statute of limitations does not begin to run until the municipality has created a fund, it is wholly immaterial how many actions are brought in the case; the limitation does not begin to run until the municipality has performed its duty in the first instance. In the case under consideration, it is admitted that the mayor and city council

of the city of Guthrie have at no time done that which was necessary in order to start the statute of limitations to running.

We are unable to distinguish any difference in principle between the case at bar and the Greer county case already decided by the supreme court of this Territory, and on the strength of that case, and the authorities there cited, the decision of the district court is affirmed, at the costs of the plaintiffs in error.

Burford, C. J., who presided in the court below, and Hainer, J., who was at one time attorney for the city of Guthrie, not sitting; all the other Justices concurring.