[Civ. No. 3051.    Second Appellate District, Division Two.—December 11, 1919.]

G. M. CURTIS et al., Appellants, v. THE RIALTO IRRIGATION DISTRICT (a Public Corporation), Respondent.

[1] IRRIGATION DISTRICTS — BONDS—STATUTE OF LIMITATIONS.—The right to recover the amount of either principal or interest coupons on irrigation district bonds issued under the Wright Act of 1887 is barred by the statute of limitations after the lapse of four years from the date such coupons became payable.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. C. Haskell for Appellants.

Leonard, Surr & Hellyer for Respondent.

THOMAS, J.—This is an action brought to recover the sum of $72,601.75, alleged to be due upon ninety-three of the bonds of the defendant corporation. Subsequent to the commencement of this action plaintiffs, by leave of court, filed a supplemental complaint, in which it was alleged that certain coupons, attached to the bonds, had matured since the institution of the action, and judgment was prayed for in the additional sum of $15,394.75. The sum total for which judgment was prayed, therefore, was $87,996.50.

The bonds sued on were for the principal of five hundred dollars each, and in form were in words and figures as follows:

"Bond No. ——.

"United States of America, State of California.
"$500.00                                              $500.00

"Bond of the Rialto Irrigation District.

"Total issue: $500,000.00. Located in San Bernardino County, Cal.

"For value received, the Rialto Irrigation District, a public corporation, duly organized and existing under, and pursuant to the laws of the State of California, promises to pay to the bearer hereof, at the office of the treasurer of said district, the sum of ($500.00) Five Hundred Dollars, in gold coin of the United States, at the dates and upon installments as follows: at the expiration of eleven years from date, five (5) per cent of said sum; at the expiration of twelve years from date, six (6) per cent of said sum; at the expiration of thirteen years from date, seven (7) per cent of said sum; at the expiration of fourteen years from date, eight (8) per cent of said sum; at the expiration of fifteen years from date, nine (9) per cent of said sum; at the expiration of sixteen years from date, ten (10) per cent of said sum; at the expiration of seventeen years from date, eleven (11) per cent of said sum; at the expiration of eigh teen years from date, thirteen (13) per cent of said sum; at the expiration of nineteen years from date, fifteen (15)

per cent of said sum, and at the expiration of the twentieth year from date, a percentage sufficient to pay off said sum in full.

"Said installments are to be paid as provided in, and only upon the surrender of the respective installment coupons hereto attached. And said district promises to pay interest on the said principal at the rate of six (6) per cent per annum, payable in gold coin of the United States at the office of the treasurer of said district semi-annually, on the first day of January and July of each year, upon the surrender of the respective interest coupons hereto attached. Both principal and interest are payable at par.

"This bond is one of a series of bonds amounting in the aggregate to Five Hundred Thousand Dollars, caused to be issued by the board of directors of said Rialto Irrigation District, and pursuant to a vote of the electors of said District at an election held for that purpose on the 15th day of November, 1890. The said series of which this bond is one, is composed of one thousand bonds, each of the denomination of Five Hundred Dollars, and the said bonds are issued by authority of, pursuant to, and after a full compliance with all the requirements of the act of the Legislature of the State of California, entitled: 'An Act to provide for the organization and government of irrigation districts, and to provide for the acquisition of water and other property, and for the distribution of water thereby for irrigation purposes,' approved March 7th, 1887, and the acts amendatory and supplementary thereto.

"The Rialto Irrigation District is composed of citrus producing lands divided into ten and twenty acre farms, irrigated by one thousand (1,000) inches of water measured under a fourteen inch pressure piped to each farm lot. All the said bonds and the interest thereon are to be paid by revenue derived from an annual tax upon the real property of the district, which tax is, and the said bonds are, by said act of the Legislature made a lien upon all said real property.

"In witness whereof the said Rialto Irrigation District has caused these bonds to be issued and signed by its President and Secretary, and its corporate seal to be hereunto affixed, and the lithographed signature of its Secretary to be affixed to each of said coupons at the office of the

board of directors in said district, this 17th day of November, A. D. 1890.

"RIALTO IRRIGATION DISTRICT.
"By A. B. FOWLER,
"President of said Board.

"By D. ROBINSON,
    "Secretary of said Board.
"(Seal of Rialto Irrigation District)."

Attached to each of said bonds at the time of the disposal and delivery thereof were certain coupons, numbered respectively 1 to 40, both inclusive, which said coupons were and are in words and figures as follows:

"$——                                              No. ——
"Rialto Irrigation District
will pay to the bearer at the office of the treasurer of said district, at the Town of Rialto, County of San Bernardino, State of California, on ——, ——, on surrender of this coupon the sum of —— Dollars, in U. S. gold coin being semi-annual interest on bond No. ——.

"Dated November 17th, 1890.
"No. ——.                              "D. ROBINSON,
                                       "Secretary."

The form of these bonds and coupons was by the answer admitted to be as alleged in the complaint. The answer also sets up the statute of limitations against certain of these bonds and coupons as a defense, and particularly under and by the provisions of subdivision 1 of section 337, subdivision 1 of section 338 and section 343 of the Code of Civil Procedure.

The case was tried by the court without a jury. The court found that plaintiffs were the owners of but ninety-two of the bonds sued on, that there was due and unpaid on said bonds the sum of $80,268.60, principal and interest, and that no part of the same had been paid. The findings further set forth that each and every cause of action on any coupon, either principal or interest, which by their terms are payable four or more years prior to the filing of complaint, are barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure of the state of California. The amount so found to be barred was $39,383.80; and judgment was given accordingly.

[1] Appellants urge, and respondent concedes, that the only point raised on this appeal is the exclusion from the judgment of any recovery on the coupons, principal or interest, which were by their terms made payable four or more years prior to the filing of plaintiffs' complaint, by reason of which the said sum of $39,383.80 was held to be barred under the statute of limitations. In other words, the attack is upon that particular finding of the court holding that the statute of limitations applies to the bonds and coupons above quoted. The question for our consideration, therefore, is: "Is that finding correct?"

As we construe sections 337, 338, and 343 of the Code of Civil Procedure with and in the light of section 312 of the same code, we are of the opinion that the finding is correct.

At the outset we might suggest that it seems to us that appellants are laboring with the question as to how the judgment may be enforced, in case one is recovered by them, rather than with the question confronting us. It is contended by appellants that "the letter and spirit of the law (the 'Wright Act,' Stats. 1887, p. 29) on which the bonds (and coupons) sued on were issued, provides that on the twentieth year a 'sufficient amount shall be levied as an assessment to pay off said bonds,' and in no other year is there such provision made. The law prevents the statute of limitations from running before the twentieth year." It would seem that this is a thought which has occurred to appellants since the bringing of the action, for the reason that if this view be correct, then this action must be dismissed as having been prematurely brought. This hypothesis is supported by the fact of the filing of the supplemental complaint. If the cause or causes of action had not accrued at the time of the commencement of this suit (and this would seem to be the conclusion to which we are irresistibly driven, if we correctly apprehend the argument of counsel when he says that the statute of limitations does not begin to run until the twentieth year), then this action must be dismissed, because none of the bonds or coupons, including those referred to in the supplemental complaint, had matured. For reasons which appear obvious, to us at least, appellants, at the time of the commencement of this action, must have been of the opinion that a cause or causes of action had accrued, otherwise they would realize

that they had no standing in court. Confronted, therefore, with this situation, is it not a rather strange contention to assert that a cause of action had accrued at that time, and, in the same breath, deny the operation of the statute of limitations in reference thereto? It would seem that the mere statement of such a case is to answer it.

In the absence of any provision to the contrary, each bond and each coupon is a distinct obligation; and the rule is—and we think it supported by reason as well as by overwhelming authority—that the statute of limitations begins to run when the right of action is complete. As already intimated, it would be a strange contention, and, as we see it, an illogical conclusion, to hold that the statute sleeps with respect to bonds or coupons, detached or otherwise, whilst a complete right of action upon such claims exists in the holder. (*Amy* v. *City of Dubuque,* 98 U. S. 470, [25 L. Ed. 228, see, also, Rose's U. S. Notes]; *California etc. Co.* v. *Sierra etc. Co.,* 158 Cal. 690, [Ann. Cas. 1912A, 729, 112 Pac. 274]; *Meyer* v. *San Francisco,* 150 Cal. 131, [10 L. R. A. (N. S.) 110, 88 Pac. 722]; *San Francisco Sav. Union* v. *Reclamation Dist.,* 144 Cal. 639, [79 Pac. 374]; *Barnes* v. *Glide,* 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804]; *Stowell* v. *Rialto Irr. Dist.,* 246 Fed. 294, [159 C. C. A. 24]; *Rialto Irr. Dist.* v. *Chellis,* 246 Fed. 308, [159 C. C. A. 38].) The three cases last cited are referred to by appellants in their opening briefs as supporting their view that the statute of limitations does not run as to bonds and coupons such as we are now considering. But, as decided by the circuit court of appeals, they coincide with the views here expressed, reversing the judgment of the lower court and holding squarely that the statute runs and bars all coupons that were more than four years overdue at the time of the commencement of the action, and also holding such instruments to be "general" obligations of the irrigation district. We invite a careful study of the cases here cited for elaboration of the reason for the conclusions there reached, and refrain from further discussion thereof.

We have considered every other point urged by appellants, but are of the opinion that no good purpose could be served by discussing any one of them here, in view of our conclusion on the concededly only point in the case; and deem-

ing such "points" without merit, so far as this case is concerned, we dismiss them with this general statement.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1920.

All the Justices concurred.