(Nos. 5013, 5016.  January 7, 1928.)

ANDREW LITTLE and W. E. HARRIS, Administrators of the Estate of JOHN McNISH, Deceased, Respondents, v. EMMETT IRRIGATION DISTRICT, a Municipal Corporation, Appellant.

J. H. FORBES, Respondent, v. EMMETT IRRIGATION DISTRICT, a Municipal Corporation, Appellant.

[263 Pac. 40.]

LIMITATION OF ACTIONS—COMPUTATION—IRRIGATION DISTRICTS—WARRANTS—CAUSE OF ACTION.

1.  Generally, statutes of limitations run in favor of, as well as against, municipalities.

2.  Question as to when statute of limitations begins to run is determined by the time when cause of action accrues.

3.  Cause of action on municipal warrant accrues as bearing on limitation when there are sufficient funds on hand, or where municipality has collected and wrongfully applied funds for payment, or has neglected a legal duty to collect such funds having power and opportunity under the law so to do.

4.  If holder of a warrant issued under a contract relation has a remedy which he may pursue at time of issuance, statute of limitations begins to run at that time, but if he has at such time no remedy, the statute begins to run when cause of action thereafter accrues, which may be when fund is raised, or when statute provides or implies a due date.

5.  Under C. S., secs. 4384, 4389 and 4407, relative to levy of tolls or assessments by irrigation district, maintenance fund referred to in warrants issued by irrigation district for labor and materials was not a special or particular fund so as to preclude running of limitations under secs. 6609, 6610 and 6617 until after the existence of such fund, since the provisions of the first-mentioned sections plainly contemplate that maintenance warrants are payable by assessments made in year in which work, labor or materials are furnished.

6.  C. S., secs. 4384, 4389, 4407, relative to levy of tolls or assessments by irrigation district, plainly intending to keep district, as to annual expenses, as nearly as possible on a cash basis, as made compulsory on counties by Const., art. 7, sec. 15, officers of district have no authority to make agreement for payment

of warrants for labor and materials dependent on time when funds were provided therefor.

7. Failure of irrigation district board to make annual levy and collection to cover warrants issued for labor and materials constituted a violation of the contract and gave rise to cause of action for a breach thereof within limitations prescribed by C. S., secs. 6609, 6610 and 6617.

APPEALS from the District Court of the Seventh Judicial District, for Gem County. Hon. B. S. Varian, Judge.

Actions to recover judgments for labor and materials furnished. Judgments for plaintiffs. *Reversed and remanded.*

J. P. Reed and Richards & Haga, for Appellant.

"Where a warrant of an irrigation district is accepted in payment of its debt, the warrant-holder's remedy, if there are no funds to pay the warrant and the proper officers fail to certify an amount sufficient to include the warrant and make levy therefor, is exclusively by *mandamus* to compel such action; and the warrant-holder cannot sue to recover a money judgment on the warrant." (*Rio Grande Junction Ry. Co. v. Orchard Mesa Irr. Dist.*, 64 Colo. 334, 171 Pac. 367; *Cloud v. Town of Sumas*, 9 Wash. 399, 37 Pac. 305; *Carroll v. Board of Police*, 28 Miss. 38; *Greeley v. Cascade County*, 22 Mont. 580, 57 Pac. 274; *Jay v. School District No. 1*, 24 Mont. 219, 61 Pac. 250; *Turner v. Guthrie*, 13 Okl. 5, 73 Pac. 283.)

Publisher's Note.

1. See 17 R. C. L. 957.

2. See 17 R. C. L. 748.

3. When statute runs against warrant of municipal or *quasi*-municipal corporation, see note in 2 Ann. Cas. 394. See, also, 17 R. C. L. 958. When does statute of limitations begin to run against action upon obligation of municipal or *quasi*-municipal body payable out of a particular fund, see note in 10 L. R. A., N. S., 478. See, also, 17 R. C. L. 958.

See Limitations of Actions, 37 C. J., sec. 32, p. 715, n. 50; sec. 152, p. 807, n. 98; sec. 209, p. 849, n. 40.

Waters, 40 Cyc., p. 821, n. 23 New.

Plaintiff's remedy, whether it be by action for judgment on the warrants or by application for a writ of mandate, is barred by the statute of limitations. (*Barnes v. Glide,* 117 Cal. 1, 59 Am. St. 153, 48 Pac. 804; *San Francisco Sav. Union v. Reclamation Dist. No. 124,* 144 Cal. 639, 79 Pac. 374; *McDermott v. Alger,* 186 Mich. 278, 152 N. W. 991; *Arapahoe Village v. Albee,* 24 Neb. 242, 8 Am. St. 202, 38 N. W. 737.)

The warrants were not payable out of a "special fund" over which the district had no control, but out of a fund that could be provided only by taxes levied by the district.

"If the holder of the warrant has a remedy, the statute commences to run upon the issuance of the warrant." (*People v. Honey Lake Valley Irr. Dist.,* 77 Cal. App. 367, 246 Pac. 819; *McDermott v. Alger, supra; Rialto Irr. Dist. v. Stowell,* 246 Fed. 294; *Smythe v. Inhabitants of New Providence,* 253 Fed. 824; *Curtis v. Rialto Irr. Dist.,* 44 Cal. App. 738, 187 Pac. 117; *Parker v. Weber County Irr. Dist.* (Utah), 251 Pac. 11.)

It is reversible error for the court to fail to find on the issues raised by the plea of the statute of limitations. (*Village of Hailey v. Riley,* 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86.)

"All lawful obligations of a municipality are payable from its general fund unless the law specifically provides otherwise." (8 McQuillin, Mun. Corp., sec. 2179; *Ott Hardware Co. v. Holmberg,* 32 Cal. App. 229, 162 Pac. 911; *State v. Irwin,* 74 Wash. 589, 134 Pac. 484; *Parker v. Weber Co. Irr. Dist., supra; Burbank Irr. Dist. No. 4 v. Douglass,* 143 Wash. 385, 255 Pac. 360, 259 Pac. 881; 2 Dillon on Mun. Corp., 5th ed., secs. 827, 860; *Carter v. Tilghman,* 119 Cal. 104, 51 Pac. 34; *Thomas Kane & Co. v. Hughes County,* 12 S. D. 438, 81 N. W. 894.)

"When the holder of the warrant has no remedy which he may pursue, the statute does not begin to run until the fund is provided with money with which to pay it. But if the holder of the warrant has a remedy, the statute com-

mences to run upon the issuance of the warrant." (*City of Sulphur v. State,* 62 Okl. 312, 162 Pac. 744.)

A cause of action accrues when the warrant is presented for payment and payment refused for want of funds and the statute of limitations begins to run from that time. (*Schloss v. Board of Commrs.,* 1 Colo. App. 145, 28 Pac. 18; *Forbes v. Board of Commrs.,* 23 Colo. 344, 47 Pac. 388; *Perkins v. City of Ellensburg,* 138 Wash. 641, 244 Pac. 996; *Burleigh County v. Kidder County,* 20 N. D. 27, 125 N. W. 1063; *Bacon v. Dawes County,* 66 Neb. 191, 92 N. W. 313; *Rogers v. City of Omaha,* 82 Neb. 118, 117 N. W. 119; *Parker v. Weber Co. Irr. Dist., supra; Board of Commrs. v. Sims,* 31 Colo. 483, 74 Pac. 457; *City of Denver v. Nat. Exchange Bank,* 34 Colo. 387, 82 Pac. 448; 2 Dillon, Mun. Corp., sec. 827; *Burbank Irr. Dist. v. Douglass, supra.*)

Rice & Bicknell and T. A. Walters, for Respondents.

Warrants of a municipal or *quasi*-municipal corporation payable out of a particular fund to be provided by the municipality, do not mature until such fund has been provided; and the municipality cannot defeat payment of such warrants by relying upon the statute of limitations as long as it fails and neglects to perform its duty by providing the funds. (*Shoenheoft v. Board of Commrs.,* 76 Kan. 883, 14 Ann. Cas. 100, 92 Pac. 1097, 16 L. R. A., N. S., 803; *City of Sulphur v. State,* 62 Okl. 312, 162 Pac. 744; *Parker v. Weber County Irr. Dist.* (Utah), 251 Pac. 11; *Board of Commrs. v. Clark,* 12 Okl. 197, 70 Pac. 206, 212; *School District v. First Nat. Bank,* 63 Kan. 668, 66 Pac. 630; *Hubbell v. City of South Hutchinson,* 64 Kan. 645, 68 Pac. 52; *Berkey v. Board of Commrs.,* 48 Colo. 104, 20 Ann. Cas. 1109, 110 Pac. 197; *Burleigh County v. Kidder County,* 20 N. D. 27, 125 N. W. 1063; *Potter v. City of New Whatcom,* 20 Wash. 589, 72 Am. St. 135, 56 Pac. 394; *Bacon v. Dawes County,* 66 Neb. 191, 92 N. W. 313; *Rogers v. City of Omaha,* 82 Neb. 118, 117 N. W. 119; *Smythe v. Inhabitants of New Providence,* 253 Fed. 824; *Rialto Irr. Dist. v. Stow-*

*ell*, 246 Fed. 294; *Robertson v. Blaine County*, 90 Fed. 63, 32 C. C. A. 512, 47 L. R. A. 459; *Freehill v. Chamberlain*, 65 Cal. 603, 4 Pac. 646; *Littlefield v. City of Shreveport*, 148 La. 693, 87 So. 714.)

By the great weight of authority, the plaintiffs may maintain an action at law against the defendant for a money judgment. The mere fact that the plaintiffs may resort to a proceeding by *mandamus*, does not preclude their right to an action at law. (*Goldsmith v. Baker City*, 31 Or. 249, 49 Pac. 973, and cases therein cited; 5 McQuillin on Mun. Corp., p. 4773, sec. 2258; *Leavenworth Co. Commrs. v. Keller*, 6 Kan. 510; 19 R. C. L., p. 1038, sec. 327; *Ayres v. Thurston Co.*, 63 Neb. 96, 88 N. W. 178; *Thurston Co. v. McIntyre*, 75 Neb. 335, 106 N. W. 217; *Mills Co. Nat. Bank v. Mills Co.*, 67 Iowa, 697, 25 N. W. 884; *International Bank of St. Louis v. Franklin Co.*, 65 Mo. 105, 27 Am. Rep. 261; *Heffleman v. Pennington Co.*, 3 S. D. 162, 52 N. W. 851; 28 Cyc. 1573.)

"The existence of an adequate remedy in the ordinary course of law, either legal or equitable in its nature, will prevent the issuance of a writ of mandate." (C. S., sec. 7255; *Beem v. Davis*, 31 Ida. 730, 175 Pac. 959.)

A "special fund" is one out of which alone an obligation must be paid. (*Rialto Irr. Dist. v. Stowell*, 246 Fed. 294; *United States v. County of Clark*, 96 U. S. 211, 24 L. ed. 628; *United States v. Fort Scott*, 99 U. S. 152, 25 L. ed. 348; *Avery v. Job*, 25 Or. 512, 36 Pac. 293.)

C. S., sec. 4355, limits the power to incur debts to the express provisions of the title. It does not limit power to incur debts to the revenue to be provided for any year.

State constitution, sec. 8, art. 3, does not avoid indebtedness for ordinary and necessary expenses authorized by the general laws of the state.

TAYLOR, J.—Defendant's two appeals from judgments, consolidated for all purposes here, involve actions upon warrants issued by the district. One complaint, involving warrants issued between August 11, 1913, and September

30, 1914, was filed May 25, 1925; the other, involving warrants all issued February 21, 1914, was filed June 15, 1923.

Appellant contends (1) that the actions were barred by C. S., secs. 6609, 6610 and 6617, and (2) that the remedy of plaintiffs, if any, was by application for *mandamus*, and not by action for money judgment.

The court found that the defendant owned, and was operating and maintaining, the irrigation system, and was engaged in the operation and activities incident to the care, management and maintenance of its property and works, and necessary to conducting its business as an irrigation district; that the warrants were issued in consideration of and in payment of ordinary expenses necessarily incurred for work and services performed or materials and supplies furnished, were each payable and constituted a promise to pay "out of the moneys belonging to the Maintenance Fund"; that each was presented to the treasurer for payment upon the date issued, payment refused and indorsed, "Presented for payment and not paid for want of funds. R. B. Shaw, Treasurer."

"That the defendant district has never made or collected sufficient levies to pay said warrants or in any way provided for their payment or the payment of any of them, and that there never has been since their issuance sufficient funds in the treasurer's hands to pay said warrants, and the said district never notified John McNish or the plaintiffs that it was prepared to pay the same, or any of them."

Respondents contend that the warrants, reciting that they are payable "out of any moneys belonging to Maintenance Fund," are thus made payable out of a "special fund," and that the rule is "That the statute of limitations does not begin to run against a warrant issued by a municipal, or quasi-municipal, corporation, and payable out of a particular fund, until the corporation has provided a fund from which it may be paid."

Respondents cite not only authorities supporting the above rule, but others which hold that a municipality is estopped to rely upon a statute of limitations as a defense

against an action to enforce payment of a warrant drawn against any fund until it has provided such fund.

Appellant contends that the so-called Maintenance Fund is not such special fund as to bring it within the rule invoked; that this rule is subject to qualifications; and that the defendant is not estopped to interpose the statute of limitations.

Decisions and authorities cited by respondents are various: Those in which a cause of action had arisen; those in which it had not; and those which deny that a statute of limitations will run, even though some sort of action may have accrued, or which lose sight of the distinction, or make none, between rules applicable to special or particular funds and general funds or general contract obligations.

Kansas and Oklahoma decisions have reached the ultimate of declaring that such limitations do not run against any warrant until the municipality has levied and collected the fund, whether special or otherwise; and the latter that a municipality cannot be heard to rely upon or assert the neglect of its officers to levy or collect such fund, as a defense under a statute of limitations. (*Hubbell v. City of South Hutchinson,* 64 Kan. 645, 68 Pac. 52, based upon statutes; *Board of Commrs. v. Clarke & Courts,* 12 Okl. 197, 70 Pac. 206 (212); *Barnes v. Turner,* 14 Okl. 284, 2 Ann. Cas. 391, 78 Pac. 108, 10 L. R. A., N. S., 478; *City of Sulphur v. State,* 62 Okl. 312, 162 Pac. 744.) Kansas has distinguished such cases from those involving bonds and interest coupons held to constitute general promises to pay upon a day certain. (*Schoenhoeft v. Board of Commrs.,* 76 Kan. 883, 14 Ann. Cas. 100, 92 Pac. 1097, 16 L. R. A., N. S., 803.)

Nebraska decisions were at one time held to be based upon the principle that, under the statutes of that state, no limitation ran against county warrants. (*Brewer v. Otoe County,* 1 Neb. 373.) However, in *Village of Arapahoe v. Albee,* 24 Neb. 242, 8 Am. St. 202, 38 N. W. 737, that court, in so construing the previous decision, held that such limitations did run in favor of cities and villages, cit-

ing *May v. School District,* 22 Neb. 205, 3 Am. St. 266, 34 N. W. 377, in its support. The later case of *Bacon v. Dawes County,* 66 Neb. 191, 92 N. W. 313, while cited and relied upon by respondents, is authority against them, when the principles therein announced are made plain, wherein, after quoting from *Brewer v. Otoe County, supra:*

"Whoever deals with a county, and takes in payment of his demand a warrant of the character of these, no time of payment being fixed, does so under an implied agreement that, if there be no funds in the treasury out of which it can be satisfied, he will wait until the money can be raised in the ordinary mode of collecting such revenues. He is presumed to act with reference to the actual conditions, and the laws regulating and controlling the business of the county," that court holds that a complaint will be sufficient to state a cause of action which alleges "that time has elapsed for the collection of the money by taxation," even in the absence of "money in the treasury," and thus a cause of action accrues when that time has elapsed, or the warrant should have been "paid by the county in the ordinary course, as prescribed by statute," or in other words, "the proper authorities had had opportunity to provide funds to pay them, and had neglected to do so."

Many of respondents' cited authorities have relied upon *Wetmore v. Monona County,* 73 Iowa, 88, 34 N. W. 751. That decision has been later distinguished by the same court as resting upon the fact that the county "had no means of raising the fund out of which the warrant could be satisfied, and therefore was not in default in payment until there was money on hand"; in other words, until there was money on hand, no cause of action accrued to plaintiff therein. *Bodman v. Johnson County,* 115 Iowa, 296, 88 N. W. 331, which draws the above distinction, supports the rule that where there is authority, power, and a duty to provide the fund, upon violation of such duty "plaintiff was not justified in postponing the bringing of his action."

*City of Sulphur v. State, supra,* relies for its support upon *Robertson v. Blaine County,* 90 Fed. 63, 32 C. C. A. 512, 47 L. R. A. 459, and the decisions of its own court in *Barnes v. Turner, supra,* and *Board of Commrs. v. Clarke & Courts, supra.* The latter, although most often cited, will be found to have been deprived of the greater part of the support which they cite, when the courts cited have had occasion later to consider their former holdings, and draw their own proper distinctions and conclusions with relation thereto. Deprived, as it appears to us, of most of their support, *City of Sulphur v. State, supra,* must rest finally upon a declaration of estoppel. Such failure of officers to perform their statutory duty, cannot estop the district to invoke the statute of limitations. It is the district that is sought to be estopped, and not the officers. (*Buhl Highway District v. Allred,* 41 Ida. 54, 238 Pac. 298.) The decision in *Robertson v. Blaine County, supra,* correctly announced that the fund there under consideration was a specialty, an obligation imposed upon Blaine county by the legislature; and said that the statute of limitations did not run against a claim against such fund, in any event until the fund had been raised. The decision recites that these views "already expressed are conclusive upon the questions involved herein," and then proceeds to discuss the statute of limitations as applied to municipal warrants, wherein it, by *dicta,* expounds the principles for which it is so often quoted, and which were entirely unnecessary to the decision, and as we view it erroneous, and have so been construed and limited in *Smythe v. Inhabitants of New Providence Tp.* (D. C.), 253 Fed. 824, which case follows *Bodman v. Johnson County, supra,* and has this to say of *Lincoln County v. Luning,* 133 U. S. 529, 10 Sup. Ct. 363, 33 L. ed. 766, and *Robertson v. Blaine County, supra:* "The broad rule stated by the Supreme Court in *Lincoln County v. Luning,* must therefore, I think, be read in the light of the facts of that case, and be considered to mean that the statute does not begin to run until the 'particular fund' has been provided, when the existence of that

fund creates the cause of action. If the decision in *Robertson v. Blaine County* is broader than that, then I do not think it is supported by authority, nor does reason justify it.''

Likewise, other authorities cited by respondents have similarly suffered in value as authority to support them, when viewed in the light of later construction placed thereon by the courts from which they emanated, and others.

It is unnecessary to discuss at more length such distinctions later drawn as to all the cases which have thus been either weakened or wholly destroyed as authority to support the Oklahoma court or respondents. It is sufficient to call attention to decisions which, in our opinion, will clearly appear from a reading thereof to have had such effect, and to support our conclusions. Thus, as to *Freehill v. Chamberlain*, 65 Cal. 603, 4 Pac. 646, see *Barnes v. Glide*, 117 Cal. 1, 59 Am. St. 153, 48 Pac. 804; *Curtis v. Rialto Irr. Dist.*, 44 Cal. App. 738, 187 Pac. 117, and *People v. Honey Lake Valley Irr. Dist.*, 77 Cal. App. 367, 246 Pac. 819. As to *Potter v. City of New Whatcom*, 20 Wash. 589, 72 Am. St. 135, 56 Pac. 394, see *Perkins v. City of Ellensburg*, 138 Wash. 641, 244 Pac. 996. As to *Lincoln County v. Luning, supra*, and *Robertson v. Blaine County, supra*, see *Smythe v. Inhabitants of New Providence Tp., supra*, and *Rialto Irr. Dist. v. Stowell* (9th C. C. A.), 246 Fed. 294.

Those decisions which have dealt with a fund strictly a specialty, or a statutorily created fund which the municipality has not been under a statutory duty or empowered to provide by a certain time, or a fund confined to peculiar or particular sources of revenue or income, or not involving a general or contract obligation of the municipality, and in which a violation of duty, if any, has not given rise to a breach of contract, and thus to a cause of action, are easily distinguished from the present case.

[1, 2] A solution of the controversy here depends upon the ability of plaintiffs to state a cause of action, and not upon estoppel. As a general rule, statutes of limitations

run in favor of, as well as against, municipalities. (*Bannock County v. Bell*, 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710; 28 Cyc., p. 1760; 37 C. J., p. 715, sec. 32; 17 R. C. L., p. 957, sec. 324.) Ordinarily, the question as to when a statute of limitations begins to run, is determined by the time when a cause of action arises.

[3, 4] Unless a plaintiff can allege either that there are sufficient funds on hand, or that the defendant municipality has collected and wrongfully applied funds which should have been devoted to the payment of plaintiff's warrant, or was under a legal duty to so collect such funds, with power and opportunity under the law in the elapsed time so to do, and has neglected to do so, and, as in this case, this has resulted in a breach of contract, he may not be able to state a cause of action; but whenever any one of those conditions has arisen, his cause of action has accrued. Of course, if the holder of a warrant issued under a contract relation, has a remedy which he may pursue at the time of its issuance, the statute begins to run then. If he has at that time no remedy, the statute begins to run when his remedy, his cause of action, thereafter accrues, which may be when the fund is raised, or when the statute provides or implies a due date for the warrant, or when by statute a duty is imposed upon the municipality or its officers to levy and collect the fund, and sufficient time has elapsed in which the officers have had the statutory opportunity to provide the fund, and have failed and neglected to do so. (*McDermott v. Alger*, 186 Mich. 278, 152 N. W. 991.)

*Burleigh County v. Kidder County*, 20 N. D. 27, 125 N. W. 1063, is authority only for the rule that a statute of limitations does not run against a warrant drawn upon, or a claim against, a particular fund, which was there held to be a specialty. The language used therein, so often found elsewhere, that "The courts are practically unanimous in holding that the statute of limitations does not begin to run against a warrant issued by a municipal, or quasi municipal, corporation, and payable out of the fund

until the corporation has provided a fund from which it may be paid," was used with relation to "the fund" therein held to be a specialty, although the court cites in its support many authorities which have not made this necessary distinction.

The court therein quotes the correct rule by which to test such fund:

"In 1 Wood on Limitations, sec. 39, it is said that: 'The test by which to determine whether a statute creates a specialty debt or not is whether, independent of the statute, the law implies an obligation to do that which the statute requires to be done, and whether, independently of the statute, a right of action exists for the breach of the duty or obligation imposed by the statute. If so, then the obligation is not in the nature of a specialty, and is within the statute; . . . . but, if the statute creates the duty or obligation, then the obligation thereby imposed is a specialty, and is not within the statute.'"

[5] Applying that test to the facts of the instant case, the fund herein is not a specialty.

C. S., sec. 4407 provides:

"The cost and expense of purchasing and acquiring property and constructing works and improvements to carry out the formulated plan, shall be paid out of the construction fund.

"For the purpose of defraying the expenses of the organization of the district, and of the care, operation, management, repair and improvement of such portion of said canal and works as are completed and in use, including salaries of officers and employees, the board may either fix rates of tolls and charges for water against all persons using said canal for irrigation or other purposes, or they may levy assessments therefor as provided in section 4384 or by both said tolls and assessments."

By C. S., sec. 4384, the secretary of the district is made the assessing officer, and the board is required in the month of August in each year to levy an assessment for the ex-

pense of maintaining and operating the property of the district.

C. S., sec. 4389, provides that maintenance warrants, when presented by the original payee, may be accepted by the treasurer of the district in payment of any maintenance assessment against said payee. These provisions plainly contemplate that "maintenance warrants" are payable by assessments made in the year in which the work, labor or materials are furnished.

The so-called Maintenance Fund is not a special or particular fund created by statute, or thereby given such name. The existence of the fund did not create, in other words was not necessary to create, the cause of action. (*Ott Hardware Co. v. Holmberg,* 32 Cal. App. 229, 162 Pac. 911; *Smythe v. Inhabitants of New Providence Tp., supra.*) While the board might give the fund a name for bookkeeping purposes, it did not thereby change its character as the proceeds of an annual assessment prescribed by statute to be levied, in effect the general revenue of the district; nor could it thereby change the character of plaintiffs' contract rights or claims against the general revenue of the district, and the right to have them paid within the time and in the manner provided by law. (2 Dillon on Municipal Corporations, 5th ed., sec. 860; 8 McQuillin on Municipal Corporations, sec. 2179; *Parker v. Weber County Irr. Dist.* (Utah), 251 Pac. 11; *State v. Irwin,* 74 Wash. 589, 134 Pac. 484, 135 Pac. 472; *Carter v. Tilghman,* 119 Cal. 104, 51 Pac. 34; *People v. Honey Lake Valley Irr. Dist., supra.*)

[6] To give respondents' contention its full import, would be to imply an agreement between plaintiffs and the district by which plaintiffs promised to wait until funds were provided to pay their warrants, be that either one year or one hundred after performance of the labor or furnishing of the materials. The answer to this is that any such agreement would be contrary to law, and violative of public policy if not of the plain letter of the law, and could not be enforced nor permitted to estop the district to invoke the statute of limitations. In the face of the

45 Idaho—32

statutory requirements for levy of tolls or assessments, plainly intended to keep a district, as to annual expenses, as nearly as possible upon a cash basis, as made compulsory upon counties by the constitution (sec. 15, art. 7), the officers could have made no such agreement binding upon the district.

A still further answer is, that if the statute of limitations did not start to run because no cause of action had accrued to the plaintiffs more than five years prior to the bringing of this action, then nothing has since transpired to give them a cause of action, and their present or any form of action would have to be deemed premature. In other words, they either had a cause of action at the latest upon the failure of the board to provide the fund within the time fixed by statute, or, so far as any action is concerned, nothing has transpired since to give them one. (*McDermott v. Alger, supra.*)

[7] The provisions of the statutes plainly contemplate that, for maintenance and operation, the board shall annually levy an assessment; and the law read into the contract that plaintiffs were to be paid by revenues to be raised by such an assessment in the following August, and a duty of the board to make such levy and collection; and a failure so to do constituted a violation of the contract and of the rights of plaintiffs, and gave rise to a cause of action for a breach thereof.

It is not material to determine whether such cause of action was one for a money judgment as here sought, or for *mandamus.* Either would, for all purposes necessary to be here considered, have arisen prior to the period of the statute of limitations, in either event more than five years before the actions herein were brought. (*McDermott v. Alger, supra.*)

The judgments are reversed, and the causes remanded with instructions to enter judgments for defendant. Costs to appellant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.