SANBORN COUNTY Ex Rel DEGROFF, Treasurer, Respendent, v. ESTABROOK, et al., Appellants.

(207 N. W. 164,)

(File No. 5452.    Opinion filed February 8, 1926.)

1.  **Constitutional Law—Townships—Mandamus—Actions—Township Officers Could Not Raise Constitutionality of Statute in Mandamus Proceeding to Compel Tax Levy Eleven Years After Assessment.**

    Where assessment was levied against township in 1909 for drainage ditch established under Laws of 1907, c. 134, and township officers refused to levy tax to pay it, in absence of showing that township was unjustly dealt with, officers could not raise question of constitutionality of statute in mandamus proceeding against them to enforce such levy in 1921.

2.  **Towns—Drainage—Township Board Must Levy Tax to Cover Drainage Assessment, Where no Lien on Real Estate Existed Through Which Payment Could be Enforced.**

    Where drainage assessment was levied against township by authority of Laws 1907, c. 134, Secs. 6 and 7, it was duty of township board to levy tax to pay it, where no lien on real estate existed through which to enforce such payment.

3.  Limtation   of   Actions—Townships—Warrants—Proceeding   to
    Compel Township Board to Levy Tax to Pay Drainage Assess-
    ment Held Not Barred by Limitations.

> Duty of township board to levy tax to pay drainage assess-
> ment continues so long as there are claims against assessment
> fund that are not barred, and action to compel board to levy
> tax was not barred by 10-year statute of limitations (Rev. Code
> 1919, Sec. 2304), where unpaid drainage warrants were not
> barred by such statute.

Appeal from Circuit Court, Sanborn County; Hon. Frank B.
Smith, Judge.

Petition for mandamus by Sanborn County, on the relation
of Allen Degroff, Treasurer, against L. A. Estabrook and others,
as Township Supervisors, and another, to compel defendants to
levy a tax to pay a drainage assessmentt. From a judgment re-
quiring such levy, defendants appeal. Affirmed.

*H. G. Giddings,* of Mitchell, for Appellants.

*R. B. Palmer,* of Woonsocket, and *Gardner & Churchill,* of
Huron, for Respondent.

(1)  To point one of the opinion, Respondent cited: Dell
Rapids v. McSaame, 37 S. D. 86, 12 C. J. Sec. 760; L. & N. R. R.
v. Finn, 235 U. S. 601, 50 L. ed. 379, 384; Cessna v. Otho Co., 35
S. D. 557; State v. Anderson, 33 S. D. 574; Bon Homme County
v. Berndt, 15 S. D. 494.

(3)  To point three, Appellant cited: Color v. Sterling, 15
S. D. 419.

Respondent cited: Iowa Land Company v. Douglas County,
8 S. D. 491; Brink v. Dann, 33 S. D. 81; W. & St. P. R. R. Co.
v. City of Watertown, 1 S. D. 46; Holt v. State (Tex.), 176 S.
W. 743.

GATES, P. J.  This is a mandamus proceeding, brought to
compel Logan township, an organized civil township of Sanborn
county, to levy a tax to pay a drainage assessment levied against
the township on account of benefit to highways. From the judg-
ment entered requiring such levy, the officers of the township
appeal.

Two questions only are presented: (1) The unconstitution-
ality of the drainage law; (2) the effect of the 10-year statute of
limitations (section 2304, Rev. Code 1919).

[1]   Appellants, upon the constitutional question, say:

"Under this statute no inquiry is required or permitted at any stage of the proceeding as to whether the benefit to be derived by the property subject to assessment is equal to or greater than the amount of the assessment contemplated."

It is therefore urged that the constitutional provisions, both state and federal, are violated which require due process of law and the equal protection of the law.   At the time the drainage ditch was established chapter 134, Laws 1907, was the law in effect.   Section 5 of that act provided for a hearing upon notice, and said:

"When the board of county commissioners shall have fully heard and considered said petition and all matters in opposition to or in support of the same they shall if they find the proposed. drainage not conducive to the public health, convenience or welfare or not needed or practicable for the purpose of draining agricultural lands, deny said petition, the petitioners to be jointly and severally liable for the costs of the proceedings, the same to be recovered in a civil action.   If they find the drainage proposed or any variation thereof conducive to the public health, convenience or welfare or necessary or practicable for draining agricultural lands they shall establish the drainage."

From that determination an appeal was provided.

It not being shown that the township was unjustly dealt with, we will not at this late stage in the proceeding determine the abstract question presented.   The township is not in position to raise it.

[2, 3]   Was this proceeding barred by the statute of limitations?   The drainage assessment was levied by the county board in December, 1909, and was filed in the office of the county treasurer on January 10, 1910.   The township officers refused and neglected to levy a tax to pay such drainage assessment, and this proceeding was begun September 6, 1921, more than 11 years after the drainage assessment became due and payable.

The authorization for a drainage assessment against a township was found in the following provision of section 6, c. 134, Laws 1907, viz.:

"The proportion of benefits which any * * * township may obtain by the construction of such drainage to highways or otherwise * * * shall be fixed and equalized together with the benefits to tracts of land."

As to the effect of such assessment, section 7 of said chapter provided:

"And from its filing said assessments shall be due and payable and shall be valid and perpetual liens upon the respective tracts so assessed against all persons or governments except the state and United States."

As the township had no title to the benefited highways, there was no way in which a lien on real estate could exist through which to enforce the payment of the drainage assessment against the township. The duty, however, devolved upon the township board to levy a tax to pay that assessment, and by analogy that duty should be as perpetual as is the lien of the drainage assessment upon the lands benefited owned by private persons. At least that duty should be held to continue so long as there are claims against the assessment fund that are not barred. Any other view would produce most inequitable results. There are outstanding drainage warrants issued upon the fund created by the drainage assessments. The assessments upon the lands of private owners have been paid. Must the holders of these unpaid drainage warrants go hence without their pay merely because the township officers violated their oaths of office in neglecting to levy a tax to pay them? These warrants were not barred by the statute of limitations, and it ought not to be held that the bringing of this proceeding was barred. In Barnes v. Turner, 14 Okl. 284, 78 P. 108, 10 L. R. A. (N. S.) 478, 2 Ann. Cas. 391, a mandamus proceeding to compel the levy of a tax out of which to pay municipal warrants, the court said:

"Now we think that an action in mandamus is simply a preliminary step toward the enforcing of payment of these warrants, and if the statute of limitations could not be urged as against the collection of the debt evidenced by the warrants, then it should not be urged as against the necessary preliminary steps towards the collection thereof."

The judgment appealed from is affirmed.

Note.—Reported in 207 N. W. 164. See, Headnote (1), Ameri-can Key-Numbered Digest, Constitutional Law, Key-No. 43(1), 12 C. J. Secs. 177, 190, 194; (2) Towns, Key-No. 57, 38 Cyc. 653; (3) Limitations of actions, Key-No. 48(6), Mandamus, 38 C. J. Sec. 531.