In re THOMPSON'S Estate.

SOGN, Administrator, Appellant, v. CLARK COUNTY, Respondent.

(210 N. W. 738.)

(File No. 5617.    Opinion filed November 20, 1926.)

Limitation of Actions—Executors and Administrators—Claims of County for Expenditures for Insane Person More Than Six Years Prior to Action Held Barred by Limitation (Rev. Code 1919, § 5484).

Since, under Rev. Code 1919, § 5484, expenditures of county for an insane person are a charge against his estate both during lifetime and after death and are claims against his property, claims of county therefor are subject to six-year limitation.

Note.—See, Headnote, American Key-Numbered Digest. Limitation of actions, Key-No. 28(1), 37 C. J. Sec. 97.

Appeal from Circuit Court, Clark County; HON. W. N. SKINNER, Judge.

In the matter of the estate of Thomas G. Thompson, deceased. A. M. Sogn, administrator, rejected the claim of Clark County for moneys expended for decedent's maintenance in the State Hospital, but the county court allowed it, which order was affirmed by the circuit court, and the administrator appeals. Reversed and remanded. with instructions.

*Hans Hanson*, of Vienna, for Appellant.

*W. C. Brower*, State's Attorney, of Clark, for Respondent.

MORIARTY, C.    Action by Clark county to recover from the estate of Thomas G. Thompson, deceased, the amount expended by said county for treatment and maintenance of decedent in the State Hospital at Yankton.    There is no dispute as to the facts.    Thompson was regularly committed to the State Hospital on May 5, 1899, and remained there until 1922, when he died intestate. During that time Clark county expended for his treatment and maintenance sums which on the date of his death amounted to $4,537.20.

When he was committed to the State Hospital, Thompson's property consisted of a quarter section of land in Clark county and a small amount of money.    During all the time he was in the

hospital, Thompson was a legal resident of Clark county, but the land above mentioned was never a homestead and there were no dependent heirs. At the time of his death the land was worth $16,000 and the sum of $5,628.27 in cash had accumulated in the hands of his guardian. The defendant Sogn had acted as guardian until Thompson died, when Sogn was appointed and qualified as administrator and took over from himself as guardian the aforesaid property of the estate.

Clark county duly presented its claim for the $4,537.20 expended for Thompson. The administrator rejected the claim, but the county court allowed it. From the order of the county court allowing the claim an appeal was taken to the circuit court, and, upon a stipulation of the facts above stated, that court affirmed the order of the county court. From the judgment of the circuit court the administrator has taken this appeal.

The appellant contends that, under the provisions of section 5484 of the Revised Code, the claim of the county for its expenditures is subject to the six-year statute of limitations, and that said statute bars recovery for any expenditure made prior to April 22, 1916. This is the only question presented by the appeal.

In the case of Meade County v. Welch, 34 S. D. 348, 148 N. W. 601, this court held that the liability of the estate of an insane person to reimburse the county for these expenditures "rests upon an implied contract, sometimes called a quasi contract or constructive contract."

The nature of the contract must be that, whereas the law makes it the duty of the county to pay for the treatment and maintenance of the insane person, so long as he remains an inmate of the hospital, therefore the estate of said insane person shall be liable to reimburse the county for such expenditures. And in the Welch Case this court held that the estate of the insane person was not impressed with any trust in favor of the county for the payment of the county's claim. This construction of the law would leave the claim of the county for reimbursement in the same status as any other claim arising ex contractu, in the absence of some statutory provision to the contrary.

In the case of Minnehaha County v. Boyce, 30 S. D. 226, 138 N. W. 287, this court held that, under the provisions of

section 544 of the Political Code, as it then existed, no right of action arose upon the claim of a county for expenditures of this class until the death of the insane person. But that construction of section 544 was based upon the words of said section:

"The amount incurred by any county of this state for treatment and maintenance of any insane person in the hospital for the insane shall be a charge against the estate of such insane person."

And this court held that the word "estate" as used in said statute was used in its limited sense meaning the estate of a deceased person, and that, because of such use of the word "estate," no right of action accrued for the expenditures of the county during the lifetime of the insane person.

But section 544 was amended by chapter 313, Laws of 1913, and is now, as so amended, section 5484 of the Revised Code of 1919. And as so amended it provides that the expenditures of the county—

"shall be a charge against the property and estate of such insane person, both during the lifetime and after the death of such person."

The evident effect of this amendment is to extend the meaning of the word "estate," and make it equivalent to the word "property." And the effect of the change is to make the claims of counties in these cases subject to the six years' statute of limitations to the same extent as other contractual claims. The learned trial court was in error in giving judgment for any expenditure made more than six years prior to the death of Thomas G. Thompson.

The judgment and order appealed from are reversed, and the cause remanded, with instructions that the circuit court reduce its judgment to conform herewith.