PERSIE E. CHAFFEE, EXECUTRIX, ET AL., APPELLANTS, V. CITY OF OMAHA, ET AL., APPELLEES.

16 N. W. 2d 852

FILED DECEMBER 22, 1944. No. 31852.

*W. A. Ehlers* and *John N. Baldwin,* for appellant.

*Harold C. Linahan, G. H. Seig, Edward F. Fogarty* and *Edward Sklenicka, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal from an order of the trial court sustaining a general demurrer to plaintiff's petition for a writ of mandamus or suitable equitable relief in enforcing payment of six unpaid special fund warrants issued by the city of Omaha as evidence of the damages to be paid in a condemnation proceeding.

The amended petition shows that on April 23, 1887, the city council of the city of Omaha commenced proceedings to condemn certain lands for street purposes. An award of damages was made and the adjoining and abutting property owners in the district were assessed the value of the benefits and improvements to their respective premises in the total sum of $10,772.84 for the purpose of creating a special fund to pay the cost of opening the street and its subsequent improvement. The city thereafter issued its several special fund warrants in varying sums payable from said special fund as evidence of the amount due under the condemnation award. There was collected and paid into

said fund the sum of $7,357.59, of which $7,193.04 was paid out on warrants, leaving a balance on hand of $164.55. Warrants remaining unpaid amounted to $3,638.75, each one of which exceeded $164.55 in amount. The petition alleges that all of the unpaid assessments have been canceled by the district court for Douglas county, or are unpaid and appear uncollectible after the lapse of many years. The petition further alleges that the city has failed and neglected, in violation and disregard of duty, to create and collect a sufficient fund from which the warrants in suit could be paid. The petition shows that each of the unpaid warrants was presented for payment and payment was refused on January 20, 1892. Each unpaid warrant was registered for payment as of that date.

Plantiff thereupon alleges that there is now due on said warrants, including interest at 12 per cent per annum from date of registration, the sum of $22,814.47. Plaintiff prays for a writ of mandamus, a judgment for this amount, or such other and further relief as to the court may appear just and proper to the end that the amount due shall be paid.

To this amended petition the city filed a general demurrer which was sustained and the action dismissed by the trial court. The city contends that such petition shows on its face that a recovery is barred by laches and the statute of limitations.

The warrants in suit were issued on December 10, 1891, and registered for payment on January 20, 1892. This suit was commenced on April 15, 1933. The setting out of the dates of the happening of the subsequent events pleaded in the petition appears to have been meticulously avoided. In any event, an unreasonable delay in the prosecution of the case is shown upon the face of the petition itself. No attempt is made to excuse the unconscionable delay in enforcing the payment of the warrants sued upon. Plaintiff contends that the statute of limitations does not begin to run against a warrant issued by a municipal corporation payable out of a specific fund until the corporation has

provided a fund from which it could be paid. For the purposes of this case it is conceded that no such fund was ever fully raised.

We think the correct rule is that where a municipal corporation issues a warrant payable from a special fund, and no other remedy exists for enforcing payment, the statute of limitations does not begin to run until the fund is provided with money with which to pay it. 34 Am. Jur., sec. 141, p. 114. In other words, for the foregoing rule to apply, the existence of the fund must be necessary to the creation of the cause of action. *Little v. Emmett Irrigation District*, 45 Idaho 485, 263 Pac. 40; *Denver-Greeley Valley Irrigation District v. McNeil*, 10th Cir., 80 Fed. 2d 929. We do not doubt the correctness of the foregoing rule when properly restricted by the words "and no other remedy exists for enforcing payment." But where an additional remedy exists, the statute of limitations commences to run when such remedy accrues. The law is well settled that when a municipal corporation enters into a contract of this character, it thereby agrees to create the special fund by the levying of valid assessments and, upon a failure to so do, it is liable generally upon the obligation. *Daniels v. City of Gering*, 130 Neb. 443, 265 N. W. 416. This being true, a cause of action is not dependent upon the creation of the special fund and the rule does not apply. Consequently, plaintiff cannot rely upon the failure to create the special fund as a tolling of the statute of limitations. If no cause of action exists until the fund is created, no cause of action yet exists for the fund has never come into existence.

Plaintiff relies upon the case of *Rogers v. City of Omaha*, 82 Neb. 118, 117 N. W. 119, wherein we said: "The statute of limitations does not commence to run against warrants issued by a municipal corporation, payable out of a special fund to be created, until such fund has in fact been created, and there is sufficient money in the fund with which to pay the warrants." The facts in that case are very similar to the one at bar. We think the rule announced is correct in so far as it applies to a case where

the creation of the special fund is necessary to create a cause of action. But we are of the opinion that the court was in error in applying it to a case where the special fund was not necessary to the creation of a cause of action and where such failure to create the fund provided the holder of the warrants with additional remedies for the enforcement of payment of the warrants as general obligations of the city. The rule was incorrectly applied in the *Rogers* case and to the extent that it conflicts with the rule herein announced it is overruled.

As a general rule, statutes of limitations run in favor of, as well as against, municipalities. In the case at bar, upon the failure of the city to create a fund sufficient for the payment of the warrants in suit, plaintiff could have asserted the general liability of the city. At that time the plaintiff could have commenced his action against the city. There is no reason apparent from this record why he could not then have commenced the action that he now seeks to have litigated. For some unknown reason he permitted more than 40 years to pass by from the time he registered his warrants until this action was commenced. It is true that he does not plead the date when the warrants became general obligations of the city, assuming they were not always such, although we think they were. A city, by the mere process of setting up a special fund from which a general obligation of the city is to be paid, cannot thereby evade its general liability on the obligation. In any event, the fund was not created on January 20, 1892, when the warrants were registered for payment, almost five years after the condemnation proceeding was commenced. For 41 years the plaintiff and his assignors of the warrants have sat by and passively observed the flight of time. Not years, but decades, passed without the least manifestation of interest on the part of the plaintiff and his antecedents. Such a reckless disregard of one's own rights imposes a right upon the part of the defendant to assert the statute of limitations as a statute of repose. It is not to the public interest to enforce such ancient claims after so many

years have elapsed and after so many complications have arisen, unless good reason is shown for the delay. The action is clearly barred by the statute of limitations.

The plaintiff contends that the duty imposed upon the officers of the city to make and collect assessments and to pay the warrants from the fund thus raised was a continuing one. "Such failure of officers to perform their statutory duty, cannot estop the district to invoke the statute of limitations." *Little v. Emmett Irrigation District, supra.* The plaintiff pleads, however, that many of the assessments were canceled by the district court. He then knew that the creation of an adequate fund to pay these warrants had failed. Although he had this knowledge, neither he nor the antecedent owners of the warrants bestirred themselves from their lethargy. In *Warren v. County of Stanton, ante,* 220, 15 N. W. 2d 757, we held that the statute of limitations does not begin to run against county warrants until after it appears that taxes levied to create a fund for the payment of the warrants have failed and will continue to fail to produce payments to the fund, or until there is sufficient money in the fund upon which they are drawn, or until the proper officers have had opportunity to provide funds to pay them and have refused or neglected to do so. See *Bacon v. Dawes County,* 66 Neb. 191, 92 N. W. 313. We think the lapse of 40 years, in the absence of a pleading of facts excusing such unconscionable delay, is amply sufficient to bring the case within the latter portion of this holding, even if it might be said the former portion is inapplicable.

A further answer is that if the statute of limitations did not start to operate because no cause of action had accrued to plaintiff until within five years prior to the commencement of the action on April 15, 1933, then no cause of action now exists because nothing is shown to have occurred on or after that date which would give rise to a cause of action. In other words, if a cause of action exists at all, it must have existed more than five years prior to the filing of this suit. Consequently, the action is either barred by

the statute of limitations or it has not yet arisen, in which event the suit was prematurely brought. Whichever horn of the dilemma the plaintiff assumes, it can avail him nothing in this suit. *McDermott v. Alger,* 186 Mich. 278, 152 N. W. 991; *Little v. Emmett Irrigation District, supra.*

It is not necessary to determine the nature of the action. Whether it be to obtain a writ of mandamus, a money judgment, or for general equitable relief, the same rules. barring a recovery are applicable. Our holding that the action is barred by the statute of limitations makes it unnecessary for us to decide other issues raised by the appeal.

The trial court was correct in sustaining defendant's general demurrer and in dismissing the action.

AFFIRMED.