IN RE GUARDIANSHIP OF BEATRICE KRAFT. DR. A. H. FECHNER, SUPERINTENDENT OF LINCOLN STATE HOSPITAL, APPELLANT, v. JOSEPH O. BURGER, GUARDIAN OF BEATRICE KRAFT, INCOMPETENT, APPELLEE.

33 N. W. 2d 534

Filed August 10, 1948. No. 32416.

*James J. Fitzgerald* and *Ephraim L. Marks,* for appellant.

*Joseph O. Burger,* pro se.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

Beatrice Kraft is an incompetent and an inmate of the Lincoln State Hospital. She is under guardianship and appellee Joseph O. Burger is her duly appointed guardian having been appointed as such by the county court of Douglas County, Nebraska. During the time

in question she was the owner of real estate in Cass County, Nebraska, of the value of between $6,000 and $9,000. The Lincoln State Hospital made a charge against the guardian for the care of said Beatrice Kraft for the period beginning June 6, 1946, and ending February 28, 1947, in the amount of $281.29 which charge the parties have stipulated was reasonable and proper and that it was computed in accordance with statute and that no part of it has been paid.

The action was commenced by the filing of a claim by the Superintendent of the Lincoln State Hospital in the guardianship proceeding. The claim was allowed by the county court. The guardian appealed from the order allowing the claim and in the district court, after hearing, the claim was disallowed. From the judgment disallowing the claim the Superintendent of the Lincoln State Hospital has appealed. The Superintendent of the Lincoln State Hospital accordingly is appellant and Joseph O. Burger, guardian, is appellee.

There is no disputed question of fact before the court. The sole question for determination is that of whether or not in view of the fact, and it is stipulated to be a fact, that the income of Beatrice Kraft was insufficient to pay the charges for her keep in the Lincoln State Hospital and was only sufficient to pay the charges of administration, she having no dependents, the Lincoln State Hospital is, under section 83-352, R. S. 1943, as amended by section 1, chapter 248, Laws 1945, entitled to recover the amount for which claim was made out of the estate of the said Beatrice Kraft. The provision is the following:

"If any patient in a state hospital for the insane is possessed of an estate and income sufficient to meet the expense of his care and maintenance in the hospital without depriving those dependent upon him of their necessary support, then the guardian of the patient shall pay to the superintendent of the hospital, quarterly during the time the patient is in the hospital, a sum to be

fixed by the Board of Control which shall be an amount equal to the per capita cost of maintaining the patient in the hospital. The amounts to be paid to the hospital under this section shall constitute a claim against the estate of the patient and be collectible therefrom."

Substantially the appellee contends that, under the statute, before such a claim as this shall become enforceable it must be made to appear that there is an estate and an income and that the income must be sufficient to meet the expense of care and maintenance.

The substantial contention of the appellant is that the statute properly interpreted means that if there be an estate and also an income and if the two are sufficient or if there be either the one or the other and it is sufficient then there is an obligation to pay.

In an approach to an interpretation of a statutory provision by the courts certain precautionary rules are to be observed.

In Hagenbuck v. Reed, 3 Neb. 17, it was said: "In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense, should be taken into account, in order to determine the legislative will."

In Hansen v. Dakota County, 135 Neb. 582, 283 N. W. 217, the foregoing was quoted with approval and the following was said: "In construing a statute, it is the duty of the court to discover, if possible, the legislative intent from the language of the act and give effect thereto."

In Pierson v. Faulkner, 134 Neb. 865, 279 N. W. 813, it was said: "When a statute is ambiguous or susceptible of two constructions, one of which creates absurdities, unreasonableness or unequal operation and the other of which avoids such a result, the latter should be adopted."

This statute examined in the light of these rules leads

to a rejection of the interpretation placed upon it by the appellee and to an acceptance of one more nearly approaching that placed thereon by the appellant.

It cannot be other than reasonable to say that the Legislature intended that if a patient in a state hospital for the insane is possessed of an estate and income the total of which was sufficient to meet the expense of his care and maintenance in the hospital without depriving those dependent upon him for necessary support the guardian shall pay the amount fixed in accordance with the statute by the Board of Control. The words do not import a meaning that if there is an absence of the one or the other or that there is an insufficiency of income for this purpose that there is no obligation under the statute for support. Reasonably it cannot be said that the Legislature contemplated or intended the absurd results which could readily flow from such an interpretation as has been placed upon the provision by the appellee.

To accept the interpretation of the appellee would be to say that if there was an estate no matter how extensive but no income or an income no matter how large but no estate the obligation of the statute could not attach. This would lead to the kind of absurdity contemplated by the legal principle hereinbefore set out.

Conformable to another legal principle also set out herein the interpretation of appellee cannot be accepted. It must be assumed that the language employed by the Legislature was employed in its plain, ordinary, and popular sense.

The statute employs the words "estate" and "income." Estate in its plain, ordinary, and popular sense includes income which has been received.

In Black's Law Dictionary (3rd ed.), p. 683, it is said:

"The word 'estate' is a word of the greatest extension, and comprehends every species of property, real and personal."

" 'Estate' comprehends everything a man owns, real

and personal, and ought not to be limited in its construction, unless connected with some other word which must necessarily have that effect."

"It means, ordinarily, the whole of the property owned by any one, the realty as well as the personalty."

There is nothing in the statute to indicate an intention on the part of the Legislature to depart from this ordinary and popular meaning of the words employed which are here brought under question.

The appellee contends that the opinion in State v. Heupel, 114 Neb. 797, 210 N. W. 275, 48 A. L. R. 728, in its analogy conflicts with the conclusion herein reached. There the court was construing a statute which contained in all important respects the substance of the statute under consideration here except that it contained the words "estate or income" instead of the words of the present statute "estate and income." It was contended there that the word "or" should be interpreted to mean "and" and that thus interpreted no obligation existed to pay for maintenance in a state hospital unless there were both estate and income. The contention was rejected. There was no interpretation of the effect of the statute had the Legislature used "and" instead of "or" although in this connection the court did say: "While we have no quarrel with the principle of construction for which the defendant contends, the question here is whether the facts in the instant case are such as require its application. It would seem not."

The judgment of the district court is therefore reversed and the cause remanded with directions to render judgment allowing the claim.

REVERSED AND REMANDED WITH DIRECTIONS.