IN RE GUARDIANSHIP OF CHESTER D. ERNST, INCOMPETENT.
COUNTY OF ADAMS, NEBRASKA, APPELLANT, v. ORLA ERNST,
GUARDIAN OF CHESTER D. ERNST, INCOMPETENT, APPELLEE.

62 N. W. 2d 110

Filed January 22, 1954. No. 33388.

*Richard E. Hunter* and *Melvin K. Kammerlohr,* for appellant.

*Stiner & Boslaugh,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This case originated by the filing of a claim in the county court of Adams County in the guardianship proceedings of Chester D. Ernst, incompetent, for the maintenance of the guardian's ward at the Hastings State Hospital. An appeal was taken to the district court for Adams County where the claim was allowed for 4 years prior to the date of its filing. An appeal was taken to this court by the County of Adams in which it assigns as error the holding of the district court that the statute of limitations barred a recovery for more than 4 years prior to the filing of the claim. This presents the only issue on appeal.

The evidence shows that on April 9, 1931, Chester D. Ernst was adjudged insane and committed to the Hastings State Hospital where he has since been confined. It is stipulated that the maintenance for the ward in the hospital based on the per capita cost from April 9, 1931, to March 1, 1952, amounts to $7,086.78. It is also stipulated that no claim was filed or demand made for payment of maintenance costs until July 24, 1952, and that the cost of maintenance from July 24, 1948, to March 1, 1952, amounted to $2,301.75.

The statutes of this state provide that a patient in a state hospital for the mentally ill shall pay to the superintendent of the hospital an amount equal to the per capita cost of maintaining the patient in the hospital. They provide further that the amounts to be paid shall constitute a claim against the estate of the patient and be collectible therefrom. Unpaid claims are certified for payment to the county clerk of the county for the care of patients admitted to the hospital from such county and the county is authorized to bring action to recover such amounts. § 83-352, R. R. S. 1943.

The right to bring an action in such cases has been recognized. In re Guardianship of Kraft, 150 Neb. 171, 33 N. W. 2d 534. The county asserts that there is no statute of limitations applicable against the county in this type of claim.

In State ex rel. Chemical Nat. Bank v. School Dist., 30 Neb. 520, 46 N. W. 613, 27 Am. S. R. 420, this court said: "More than five years had elapsed after the maturity of the warrant before suit was commenced. The statute of limitations was applied, and it was held that 'the maxim, lapse of time is no bar to the rights of the sovereign, applies only to a sovereign state, and not to municipal corporations deriving their powers from the state, although their powers, in a limited sense, are governmental; and thus it appears that the statute runs for and against cities, towns, and school districts in the same manner that it does for and against individuals.' " See,

also, Chaffee v. City of Omaha, 145 Neb. 418, 16 N. W. 2d 852. In Bryant v. Cedar County, 122 Neb. 853, 241 N. W. 538, the court specifically stated that "Counties come within the purview of this principle of law." The rule announced in the early case of County of St. Charles v. Powell, 22 Mo. 525, 66 Am. D. 637, makes the correct distinction by the following language: "The immunity, however, it seems, was, even at common law, an attribute of sovereignty only, and did not belong to the municipal corporations or other local authorities established to manage the affairs of the political subdivisions of the state. * * * The money here sued for belonged to the county and not to the state at large."

We think the rule is that immunity from a general statute of limitations is accorded only to the sovereign power, the state, and does not extend to subdivisions of the state unless the Legislature specifically so provides. Admittedly there is no special statute applicable to the present case. Under such circumstances the 4-year limitation upon a liability created by statute provided in section 25-206, R. R. S. 1943, is applicable. Barney v. City of Lincoln, 144 Neb. 537, 13 N. W. 2d 870.

The statute, section 83-352, R. R. S. 1943, provides that the maintenance of the insane ward shall be paid quarterly during the time the ward is in the hospital. A cause of action arises, therefore, on each quarterly payment made by the county and unless such action is brought within 4 years the action is barred. Barney v. City of Lincoln, *supra;* Sogn v. Clark County, 50 S. D. 499, 210 N. W. 738. It is not a continuing open account as contended by the county; nor is the recovery by the county against the estate of the insane ward a claim for the recovery of revenue by the state within the meaning of section 25-218, R. R. S. 1943.

We conclude that the trial court properly determined that the statute of limitations was a defense to all quarterly payments for maintenance of the insane ward

falling due more than 4 years prior to filing claim for the same.

AFFIRMED.