COUNTY OF KEARNEY, NEBRASKA, APPELLANT, V. COUNTY OF BUFFALO, NEBRASKA, APPELLEE, IMPLEADED WITH THE BETHPHAGE INNER MISSION ASSOCIATION OF NEBRASKA, A CORPORATION, AND A. C. WITTERA, GUARDIAN, APPELLEES.

91 N. W. 2d 304

Filed July 11, 1958. No. 34419.

*Deane C. Tucker,* for appellant.

*Richard A. Dier,* for appellee County of Buffalo.

*Anderson, Storms & Anderson,* for appellee Bethphage Inner Mission Assn.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action, as originally instituted, by the County of Kearney, Nebraska, plaintiff, appellant herein, against the County of Buffalo, Nebraska, one of the appellees herein, to recover the cost of maintenance of one Emma Strolberg, an incompetent, in the Hastings State Hospital at Ingleside, Nebraska, which was paid by the plaintiff, which it is alleged was the obligation of the named defendant, and which the plaintiff was entitled to recover. After the commencement of the action The Bethphage Inner Mission Association of Axtell, Nebraska, and A. C. Wittera, guardian of Emma Strolberg, were impleaded as defendants.

After joinder of issue a jury was waived and the case was tried to the court, at the conclusion of which a judgment was rendered denying a recovery to the plaintiff against the defendant County of Buffalo, Nebraska. By the judgment there was a dismissal of any claim as to The Bethphage Inner Mission Association of Nebraska, and the judgment was rendered without prejudice to the right of any party to in the future make claim for any funds in the hands of A. C. Wittera, the guardian.

The plaintiff perfected an appeal from the judgment which was rendered. In its briefs it presents no request for relief from the judgment as it relates to either of the impleaded defendants. No relief is requested against this part of the judgment by any other party and no cross-appeal has been presented. In the light of this, the issue before this court is that of whether or not the trial court erred in its adjudication that the plaintiff was not entitled to recover a judgment against the County of Buffalo, Nebraska, which will be referred to as the defendant.

The factual situation upon which the determination must be made is not in dispute and it is not complicated.

It is presented by stipulations of the parties and preserved in a bill of exceptions. In 1923 Emma Strolberg was a resident of Buffalo County. In that year as an incompetent person she was placed under guardianship by the county court of that county. She had an interest in real estate in that county which was her homestead.

In March 1923 she was committed to and became confined in the Hastings State Hospital at Ingleside, Nebraska, where she remained until August 1933, at which time she became an inmate of The Bethphage Inner Mission Association, a nonprofit, charitable, and eleemosynary institution located at Axtell in Kearney County, Nebraska. This transfer took place pursuant to a contract between the association and Emma Strolberg by Ed Hagg, her then guardian. A matter which is pointed out here is that in this instrument it was agreed that the residence of Emma Strolberg should be changed to Axtell, Kearney County, Nebraska, and that the guardianship would also be so transferred. The record discloses no transfer of the guardianship from Buffalo to Kearney County.

Emma Strolberg remained at the mission until February 10, 1947, when she was recommitted by the board of commissioners of insanity of Kearney County to the Hastings State Hospital at Ingleside. The warrant of admission recited that her legal settlement was found to be in Kearney County, Nebraska. The only inference to be drawn from the record is that she was at all times an incompetent person under guardianship.

From February 10, 1947, to the date this action was commenced the plaintiff had paid for the maintenance of Emma Strolberg in the state hospital at the rate of $2.90 a day or a total of $7,455.35. The propriety or reasonableness of the rate is not brought into question. It was this amount that the plaintiff sought to recover in the district court.

The basic theory of the cause of action is that at all times of concern Emma Strolberg had a legal settlement

in the County of Buffalo rather than in the County of Kearney in consequence of which the burden for her support belonged to the defendant, and the plaintiff having paid for the support it is now entitled to recover it back from the defendant. The right to recover is claimed under the following from section 83-351, R. R. S. 1943: "Expenses incurred by one county, on account of a mentally ill person whose legal settlement is in another county of the state, shall be refunded, with lawful interest thereon, by the county in which the patient has his legal settlement; such expenses shall be presented to the county board of the county sought to be charged, which shall allow and pay them the same as other claims."

There can be no doubt that at all times under consideration Emma Strolberg had her legal settlement in the County of Buffalo and that it was at no time in Kearney County.

County of legal settlement as used in this section of the statute means the county in which a person had a residence at the time he or she became incompetent. See Clay County v. Adams County, 69 Neb. 106, 95 N. W. 58. The record points unequivocally to the fact that she was incompetent from her original commitment to the state hospital henceforth.

Intention of a person to establish or change residence is an essential element thereof. In this connection there are two essential elements, they being bodily presence and intent. See, 17A Am. Jur., Domicil, § 25, p. 215; 77 C. J. S., Residence, p. 295.

The presence of the person must be voluntary and not the result of disability, restraint, or compulsion. As a general rule persons under legal disability or restraint or persons in want of freedom are incapable of losing or gaining a residence, domicile, or settlement by acts controlled by others. 17A Am. Jur., Domicil, § 20, p. 211, § 25, p. 215.

In this case it is clear that Emma Strolberg was

physically present in Kearney County for a long period of years but during that entire period she was apparently under the control of others and incapable, within the meaning of law, of changing her residence or settlement from Buffalo County to Kearney County.

If it be assumed that at some time during this period of years she became capable of maintaining an intent to change there is no evidence she ever did so.

In the light of this and the statutory provision which has been quoted herein the obligation to support and maintain her in the state hospital was the obligation of Buffalo County. Also Buffalo County is obligated to repay Kearney County the amount which has been paid unless, as the defendant contends, the plaintiff has by its acts or failure to act deprived itself of the right to recover the amount sued for in whole or in part, or because of some legal or constitutional inhibition it is estopped from recovering.

By the answer the defendant pleaded estoppel based on failure of the board of commissioners of insanity (now county board of mental health) to give prior notice to the defendant or any of its officials or to the legally appointed and acting guardian of Emma Strolberg of the board's action of February 10, 1947, by which action Emma Strolberg was committed to the state hospital. As another defense the constitutionality of the statute authorizing the board of one county to commit a resident of another county to a state hospital without notice to the other county is pleaded. As another defense the statute of limitations is pleaded.

To support the first of these defenses the defendant relies on the provisions of section 83-349, R. R. S. 1943. The section by its terms carries a directly opposite significance to that contended for by the defendant. The notice mentioned in the section is required to be given after commitment and not before. Furthermore the notice mentioned is not notice by a county to a county, but a notice by a county board of mental health to

another county board of mental health. This section therefore has no pertinence to the question presented.

The duties and obligations of counties with relation to claims for support by one county against another of mentally ill persons in state hospitals, as has been pointed out, are controlled by section 83-351, R. R. S. 1943. The manner of presentation as pointed out is as follows: "* * * such expenses shall be presented to the county board of the county sought to be charged, which shall allow and pay them the same as other claims."

There is no statutory condition precedent to the presentment of a claim such as involved here except the incurrence of expense by one county for a mentally ill person who has a settlement in another county. There is no condition precedent to the right to maintain action to recover the expense except the presentment of a claim.

In the stipulation on which the case was tried it was agreed that the defendant was notified on November 12, 1955, that plaintiff believed that Emma Strolberg was a resident of Buffalo County at the time she was committed to the state hospital on February 10, 1947, and had been a resident of that county at all times thereafter. On the same day a claim was submitted for the cost of care up to that time. The claim was denied on December 7, 1955. This action was commenced on March 1, 1956, and summons was served on March 2, 1956.

All conditions of statute having been complied with the contention of the defendant with regard to failure to give statutory notice is without merit.

The defendant urges that the statute permitting a county to commit an incompetent person having a residence or legal settlement in another county to a state hospital without notice to the county of legal settlement or residence, and thereafter pay for maintenance of the person committed, and then recover back the amounts

paid for maintenance is unconstitutional under the due process provisions.

The cases cited do not sustain the contention and we have found none that do. The cases cited go only to the point of saying that burdens may be imposed only if notice and opportunity is afforded to resist and defend against the burden sought to be imposed.

The purpose of this action is to require the defendant to make reimbursement of an obligation which belonged to it from the beginning if Emma Strolberg had a legal settlement in and was a resident of Buffalo County. Full opportunity was afforded under the statute for a determination of the true issues involved. The contention is without merit.

The defense of the statute of limitations is meritorious and it must be said that the plaintiff is entitled to recover for the period of 4 years immediately before filing the claim on which this action is based. § 25-206, R. R. S. 1943.

In Bryant v. Cedar County, 122 Neb. 853, 241 N. W. 538, it was said: "The statute of limitations * * * applies to claims against counties."

In County of Adams v. Ernst, 158 Neb. 15, 62 N. W. 2d 110, it was said: "The maxim that lapse of time does not bar the right of the state is an attribute of sovereignty and applies only to the state and not to counties and other political subdivisions of the state."

In County of Adams v. Ernst, *supra,* this court, dealing with the cost of maintenance of an insane person in a state hospital, under facts different from those herein but involving like principles, said of such costs: "It is not a continuing open account as contended by the county; * * *." In the light of the conclusion so reached it was held that the statute of limitations was available and that payments for only 4 years from the date of presentation of claim were available.

For the reasons herein stated the judgment of the district court in favor of the defendant Buffalo County

and against the plaintiff is reversed and the cause remanded with directions to render judgment in favor of the plaintiff and against the defendant in accordance with this opinion. Otherwise the judgment is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.